THE STATE v. TEETER.

1. **Burglary;** EVIDENCE AS TO INTENT IN ENTERING. On the trial of an
   indictment for breaking and entering a building with intent to commit
   larceny, if the jury find that the defendant broke and entered the
   building, they should look at all the facts and circumstances disclosed by
   the evidence, not excluding the breaking and entering, to ascertain the
   intent with which he broke and entered.

2. ———: EVIDENCE OF OWNERSHIP: PAROL. In such a case, it is material
   only to prove that the person named in the indictment as the owner was
   in the occupancy and possession of the building; and this may be done
   by parol.

3. **Criminal Law:** IMPEACHMENT OF DEFENDANT. Where the defend-
   ant in an indictment becomes a witness in his own behalf, he may be
   impeached or contradicted in the same manner as any other witness,
   and he is not entitled to notice of the intention of the state to introduce
   evidence for that purpose.
   BECK, J., *dissenting.*

*Appeal from Clayton District Court.*

WEDNESDAY, APRIL 7, 1886.

THE defendant was convicted of the crime of burglary, and
sentenced to a term of imprisonment in the penitentiary,
and from that judgment he appeals to this court.

*James O. Crosby*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—I. The indictment charges that the defendant,
in the night-time, broke and entered a building owned and

**1. BURGLARY:** occupied by Frederick Saunders, in which goods,
evidence as wares and merchandise and things of value were
to intent in
entering. kept for sale and deposit, with intent to commit
the crime of larceny. There was evidence which warranted
the jury in finding that the defendant did, on the night of
the eighth of September, 1883, enter the building described
in the indictment, through a window, which he opened for
that purpose. The building was occupied and used as a
saloon by the person in whom the ownership is laid in the
indictment. There was no direct evidence of defendant's
intention in entering the building. The saloon keeper was
in the building at the time, and, when defendant saw him, he
immediately escaped by the window through which he had
entered. The district court instructed the jury that, before
they would be warranted in convicting the defendant, they
must be satisfied beyond all reasonable doubt, not only that
he broke and entered the building, but that his intention at
the time was to commit the crime of larceny within it; also
that, if he broke and entered the building, they should "look
at all the facts and circumstances disclosed by the evidence
to ascertain the intent with which he entered."

It is insisted that this latter instruction is erroneous, for
the reason that, under it, the jury were warranted in consid-
ering the fact of the breaking and entering in determining
whether the act was done with the intent charged. It is
argued that the act of breaking and entering the building,
standing alone, evidences no intent beyond the act itself, and
the question whether the act was done with the specific intent
charged must be determined alone from the other facts and
circumstances of the transaction. But this view is not sound.
It often occurs in human experience that the mere fact that
a particular act has been done affords the best evidence of
the motive or intention with which it was done. If one was
to break and enter a building which was known to be on
fire, the reasonable presumption from his act would be that
his intention was either to attempt the extinguishment of

the fire, or the rescue of the property or persons within it. So, if one was to be found in the night-time in the act of breaking into a building in which money or property of great value was deposited, his act would give very strong evidence indeed of the motive or purpose which prompted it. And a case would hardly arise, we think, in which it would not be proper to consider the fact that the building was broken and entered, in determining the intent with which the party acted in doing the act. While the instruction authorized the jury to consider that fact in determining the intent, it did not limit them to it alone, but directed them to consider all the circumstances of the transaction, and determine from them whether defendant had the particular intention alleged in the indictment, and we think it is correct.

II. The prosecuting witness was asked whether he owned the building described in the indictment. This question was

2. ——: evidence of ownership: parol.

objected to, on the ground that the ownership of the property could not be proved by parol; but the objection was overruled. If it had been material to prove the title to the property, the parol evidence offered would probably not have been competent. But it was material only to prove that the person named in the indictment as the owner was in the occupancy and possession of the building. Whart. Crim. Law, §§ 780–799, 816. This is the rule at common law, and it is not changed by any provision of our statute.

III. The defendant was examined as a witness in his own behalf. After his examination, the state offered evidence

3. CRIMINAL law: impeachment of defendant.

tending to prove that his general reputation for truth and veracity was bad. This evidence was objected to, on the ground that defendant had not been notified, either by the minutes of evidence returned by the grand jury, or by any notice served upon him, of the intention of the state to introduce evidence on that question. It is a sufficient answer to this objection to say that the state did not offer the evidence in support of the indictment, but

it was introduced for the purpose of affecting defendant's credit as a witness. When the defendant in a criminal case offers himself as a witness, he may be impeached or contradicted in the same manner that other witnesses are. His testimony is to be tested by the rules which are applicable to that of witnesses generally, and any fact or circumstance which may lawfully be shown for the purpose of affecting the credibility of other witnesses may be shown for the same purpose as to his testimony.

We have examined the record with care, and we find no ground upon which we think the judgment should be disturbed. It will therefore be

AFFIRMED.

BECK, J., *dissenting.*