111 | 267
129 | 234

## STATE OF IOWA v. OWEN WORTHEN, Appellant.

**Burglary:** PRESUMPTION AS TO ATTEMT TO STEAL. The presumption is that a person who breaks and enters the house of another in the nighttime, did so with intent to steal therefrom, and evidence that one who is shown to have so entered a house was discovered in a room occupied by a female, with his hand on her person, and that, on her making an outcry, he escaped without taking anything is not so inconsistent with a verdict finding that he entered with an attempt to steal as to authorize setting it aside.

OF INTENT. In a prosecution for breaking and entering a house with intent to steal, where the defense denies the attempt to steal, and introduces evidence tending to show that defendant entered for the purpose of having unlawful sexual intercourse with a female, in whose room he was discovered, evidence that the owner of the house had valuable property therein, and that defendant knew about it, is admissible as bearing on the question of intent.

EVIDENCE: *Conclusion.* In a prosecution for unlawfully breaking into a house with intent to steal, a question to the owner of the house as to whether he had any valuable property that he knew the defendant knew of, calls for a conclusion and is incompetent.

JURY QUESTION. Defendant broke and entered a house in the nighttime, and was discovered in a room in which a female was sleeping. He awoke the girl by placing his hand on her person, and when she attempted to make an outcry he placed his hands over her mouth. Another girl was sleeping with the girl on whose person he placed his hands, and her parents were sleeping in the adjoining room. He had thrown the doors of the house open and lighted a lamp. On the girls making an outcry he escaped without taking anything with him. *Held*, not to raise a presumption that defendant broke and entered the house with intent to commit an assault on the girl, but whether he entered for that purpose or to steal, was a matter for the determination of the jury.

IMPEACHMENT: *Minutes before magistrate.* Minutes of the testimony taken at a preliminary examination of one charged with a burglary, are inadmissible for the purpose of impeachment, where the witness testified to the same facts on trial that she did on preliminary examination.

INSTRUCTIONS. In a prosecution for breaking and entering a house in the nighttime with intent to steal, an instruction that the jury should consider that the owner was possessed of but very little valuable property, if they find that such was the fact, and the defendant's knowledge thereof, if he had such knowledge, as bearing on the question of the intent with which he broke and entered the house, was properly refused, when there was no evidence that defendant had any knowledge of what property the owner had.

*Appeal from Benton District Court.*—HON. G. W. BURN-HAM, Judge.

TUESDAY, MAY 8, 1900.

THE defendant appeals from a judgment convicting him of breaking and entering a dwelling house with intent to commit larceny.—*Affirmed.*

*C. Nichols* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

LADD, J.—A man's hand on the person of Grace Fort awakened her at one o'clock in the nighttime of June 6, 1898. She was prevented from screaming by the other hand covering her mouth, and was told to keep still. As soon as she was able to call for help, the intruder left the house through the doors, which were open. Her father reached the adjoining room as he left, and, though giving chase, was unable to overtake him. By the lamp light and that of the moon, however, he recognized the defendant. Evidently, he had entered through the window of the bedroom where Grace, who was sixteen years old, and a sister were sleeping. The upper sash had been lowered a few inches, and was held in position by a piece of lath previously nailed on the outside. This was removed, the sash let down, and footprints, corresponding to defendant's shoes, appeared leading to the window from across the road, where a horse and buggy had been standing.

The defendant insists that, though the motive in entering Fort's house cannot be justified, the intent to steal is not to be inferred from these facts. Some presumptions are to be indulged in against one who enters a building unbidden, at a late hour of night, else the burglar caught without booty might escape the penalties of the law. "The love of gain, the desire to get and have, is so wide a principle of human nature, that, other motives being eliminated, that remains as a sort of residuary solvent of conduct." *Steadman v. State,* 81 Ga. 736 (8 S. E. Rep. 420). People are not accustomed, in the nighttime, to enter the homes of others, when asleep, with innocent purposes. The usual object is theft, and this is the inference ordinarily to be drawn, in the absence of explanation, from breaking and entering at night, accompanied by flight upon discovery, even though nothing has been taken. *State v. Teeter,* 69 Iowa, 718; *State v. Maxwell,* 42 Iowa, 211; *State v. McBride,* 97 N. C. 393 (1 S. E. Rep. 925); *Alexander v. State,* 31 Tex. Cr. App. 359 (20 S. W. Rep. 756).

Do the facts of this case render such an inference improper? In *Harvey v. State,* 53 Ark. 425 (14 S. W. Rep. 645), a woman was awakened in the nighttime by the hard breathing of a stranger near her face and touching a private part of her person. She screamed, and saw him getting out of the window. The circumstances of *State v. Boon,* 57 Am. Dec. 555, were similar, except that the accused there touched the foot of the sleeping girl, and after it was drawn up grasped the ankle. In each of these cases a conviction of entering with intent to commit rape was sustained. The situation of the defendant when found kneeling at the bedside of the sleeping girl with his hand on her private parts, certainly indicated that he then had designs on her person, but other circumstances point to the improbability of that being his purpose in entering. The natural impulse of one intending to satisfy his lust would have been to prevent intrusion and insure secrecy. The record is silent as to the

time he had been in the house, but shows that the doors were thrown open, and a light was burning in the front room. There were two girls in the bed. Fort and his wife were sleeping in an adjoining room. It is all but inconceivable that defendant, preparatory to assaulting this girl, opened up the house, or contemplated doing so with it open. A conclusion quite as reasonable is that, disappointed in his search for valuables he turned his attention to other things. The case is more like *Coleman v. State,* 26 Tex. App. 252 (9 S. W. Rep. 609), where a sleeping girl was awakened by the hand of the intruder on her breast. Five other persons were sleeping in the house. Nothing indicated he was not there by her consent, save her outcry and order to leave. The court declared "it more reasonable from the evidence to conclude that his intent was to commit theft than to commit any other crime." See, also, *Mitchell v. State,* 33 Tex. Cr. R. 575 (28 S. W. Rep. 475); *Hamilton v. State,* 11 Tex. App. 116; *Robinson v. State,* 51 Md. 153. In *People v. Soto,* 53 Cal. 415, the accused entered a bedroom (where a woman and three children were sleeping) through a window, seized the woman by the throat, and threw himself across the bed, but, on her making an outcry, escaped without taking anything. Notwithstanding her opinion that his intention was to carnally know her, a conviction of entering with intent to steal was sustained, the court saying: "The intent with which he entered was a question of fact for the jury, and, though there was no direct evidence of the intent, it might be inferred from the surrounding circumstances. The weight to be given to this was a question properly left to the jury, and when a person enters a building through a window at a late hour of the night, after the lights are extinguished, and no explanation is given of his intent, it may well be inferred that his purpose was to commit larceny, such being the usual intent, under these circumstances. The belief of the woman that he entered with the further intent to be criminally intimate with her is of no consequence. It was

for the jury to determine the intent, and whether her belief was entitled to any weight." While the conduct of the defendant at the bedside was to be considered in fixing upon his purpose in putting down the window and climbing in, we do not regard it as conclusive. In view of all the circumstances of the transaction, including the presumption to which we have referred, the jury may have deemed it an afterthought, and concluded that the intent to commit larceny was the original motive, or that he entered with both purposes. Such a finding was not inconsistent with the facts established, and the verdict ought not to be disturbed.

II. Fort was asked this question: "Now, did you have any valuable property that you knew that the defendant knew of?" This so evidently calls for a conclusion that no argument is required to uphold the court's ruling excluding the answer as incompetent. In one view, it made no difference whether the defendant knew anything of value was in the house or not; for the intent to steal, and not its execution, is the essential ingredient of the crime charged. *Lanier v. State,* 76 Ga. 304; *State v. Beal,* 37 Ohio, St. 108; *Harvick v. State,* 49 Ark. 514 (6 S. W. Rep. 19). But evidence of this character was admissible as bearing on the intent of defendant in entering, —whether to steal or assault the girl. It appeared from Fort's testimony, drawn out after the above ruling, that the valuables in the house were a suit of clothes nearly new, six or eight dollars in money, and a watch. There was no evidence of defendant's knowledge of what Fort had and for this reason the ninth instruction, relating thereto, was rightly refused.

III. The defendant requested the court to instruct that if he, "after such entry, went to the bed where Grace Fort was sleeping, and placed his hands upon her, and when Grace Fort awakened defendant placed his hand over the mouth of said Grace Fort and told her to keep still, and when said Grace Fort called to the others the defendant

made his escape, then a strong presumption would arise that he did so break and enter for the purpose of committing some crime against the person of said Grace Fort;" and if the jury so found, and failed to find that he also had the intention at that time to steal, he should be acquitted. Had the facts been as suggested by the instruction, without more, it may be such a presumption would arise; but no mention is made of the defendant opening the doors prior to going to the bedside, or of the presence of the other girl in the same room, or of the parents in that near by. With the conditions as shown by the evidence, we think no presumption can be indulged with reference to his designs on Grace Fort. Whether he entered to assault her or to steal was a matter to be inferred from all the circumstances, and the court so instructed the jury. The case is unlike *State v. Mecum*, 95 Iowa, 436, as there the explanation indicated the intent in entering, and the defendant's situation, when found, was such as to warrant the presumption he was carrying it out. The minutes of testimony attached to the indictment did not tend to impeach the witness, as she made the same statements at the trial, and for this reason were properly excluded.— AFFIRMED.