JOE SIMPSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed March 8, 1921.

1. A presumption of a criminal intention may arise from proof of the commission of an unlawful act, but the general rule, that if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention, does not apply in the case of crimes like burglary, assault with intent to kill, or rape, for which a specific intent is necessary. Here the burden is on the State to prove affirmatively either by direct or circumstantial evidence that the act was done with the requisite specific intent.

2. Where a specific intent is required to make an act an offense, the doing of the act does not raise a presumption that it was done with that specific intent.

3. Where a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proven as the act itself, and must be found by the jury as a matter of fact before a conviction can be had; and especially when the offense created by the statute, consisting of the act and the intent, constitutes substantially an attempt to commit some higher offense than that which the defendant has succeeded in accomplishing by it.

4. Where a defendant is indicted for the commission of an offense with intent to commit another, as for instance rape, it devolves upon the prosecution to prove some act or deed evidencing such intent in order to warrant conviction of the defendant.

5. The allegation of the intent in this case was an essential and material allegation, and it was necessary for the prosecution to prove facts in order to show beyond a reasonable doubt what that intent was.

A Writ of Error to the Circuit Court for Bay County; C. L. Wilson, Judge.

Judgment reversed.

*Mathis* & *Weeks,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

BROWNE, C. J.,—The assignments of error present two questions. The first challenges the verdict as being "a meaningless mixture of misspelled words and signs conveying no idea or intention." The original verdict is be-

fore us, and while the writing is not modeled on Spencerian lines, and its orthography not sanctioned by Worcester or Webster, it can nevertheless be interpreted as, "We the jury find the defendant guilty as charged, so say we all. R. M. Turner, Foreman;" which is sufficient.

The defendant was convicted on a charge of breaking and entering a dwelling house "with intent to commit a felony, to-wit, the crime of rape," etc. From the agreed statement of facts set out in the bill of exceptions, it appears that Will Brown, the husband of the lady against whom it is claimed the attempted assault was directed, while working at a turpentine camp became dangerously ill, and upon his wife being notified by wire, she came with her children to the place where her husband was employed. A shanty at the camp was provided for the temporary occupation of Mrs. Brown and children. Joe Simpson, the defendant, only a few months before the alleged offense, had lived in and occupied the same shanty. Simpson got drunk frequently and was drunk the early part of the night of the alleged offense. He testified that he was drinking on the night of the alleged offense and that he had no recollection of going to the shanty occupied by Mrs. Brown or to his own home. That he had no recollection of opening the window; that when he lived in that shanty he often opened a window after his return home to avoid arousing his wife, and that he had no recollection of entering or attempting to enter the shanty occupied by Mrs. Brown.

With regard to what happened, the statement recites, "Mrs. Brown was awakened by someone attempting to enter her bedroom through a window to the shanty occupied by her; that she saw a man in the window in the act of entering the room where she was; that the window

had been closed prior to the time that she had retired and fastened from the inside; that the fastening was such that in opening the window, the house was shaken, awakening Mrs. Brown; that she struck a light only a few inches from the face of the man in the window; that seeing a man entering her bedroom she immediately raised an alarm by screaming several times; that the man who had climbed into the window and was in the act of entering the room immediately receded and left the window and premises and disappeared. that she recognized the defendant, Joe Simpson, as being the person who was in the act of entering her bedroom through the window."

This is all the testimony as to what happened at the house occupied by Mrs. Brown.

The breaking into the dwelling and the attempt to enter were proven. What his intention was in breaking and attempting to enter has to be presumed, as there is not a particle of evidence direct or circumstantial to prove the intent, independent of the acts of breaking and attempting to enter.

There are many felonies, any one, or all of which, he may have intended to commit, but the prosecution selected rape, and so charged him.

If the evidence is sufficient to support that charge, it would support a charge of intent to commit murder, arson, larceny or any other felony the framer of the indictment saw fit to charge him with. "The burden is on the State to prove that accused had the specific intent involved in the charge, or to show facts from which it may be presumed." 16 C. J. 529.

Suppose instead of a woman, there had been a man in the house, would the mere breaking and entering be cir-

·cumstantial evidence of an intent to commit murder? Or if there had been a man and woman in the room, what inference could have been drawn from the testimony as to the felony the accused intended to commit?

"The burden is on the State to prove that the accused had the specific intent involved in the charge, or to show facts from which it may be proved." 16 C. J. 995.

"A presumption of a criminal intention may arise from proof of the commission of an unlawful act. The general rule is that if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention, * * * . This rule, however, does not apply in the case of crimes like burglary, assault with intent to kill, or rape, for which a specific intent is necessary. Here the burden is on the State to prove affirmatively, either by direct or circumstantial evidence, that the act was done with the requisite specific intent. But it is sufficient in such cases to prove facts from which the specific intent may be inferred.

These facts, however, must be something more than mere breaking and entering.

"Where a specific intent is required to make an act an offense the doing of the act does not raise a presumption that it was done with the specific intent." Lawson on Presumptive Evidence 331; People v. Plath, 100 N. Y. 590, 3 N. E. Rep. 790.

In the case of Roberts v. People, 19 Mich. 401, the court said:

"We think the general rule is well settled, to which there are few, if any, exceptions, that when a statute makes an offense to consist of an act combined with a

particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as matter of fact, before conviction can be had. But especially when the offense created by the statute, consisting of the act and the intent, constitutes, as in the present case, substantially an attempt to commit some higher offense than that which the defendant has succeeded in accomplishing by it; we are aware of no well-founded exceptions to the rule above stated. And in all such cases the particular intent charged must be proved to the satisfaction of the jury; and no intent in law, or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter."

In offences of this character the intent may be proven by circumstantial evidence, and generally that is the only way it can be established. Circumstantial evidence is evidence of facts from which the existence of other facts may be inferred. The mere breaking and entering a dwelling house is not a fact from which may be inferred that the accused intended to commit rape, or murder, or larceny, or arson, or any other felony which the pleader's fancy may induce him to charge in the indictment. Certain circumstances which unexplained might tend to prove the intent, such as laying hold of a woman or running after her in an attempt to do so, to establish intent to commit rape; the possession of a murderous weapon, ready for use, with other circumstances to establish the intent to kill; the possession of highly explosive material, to establish intent to commit arson, or the unexplained taking or attempting to take personal property, as evidence of intent to commit larceny. Some courts have held that from the mere breaking and entry, the intent to commit larceny may be inferred. State v. Worthen, 111 Iowa 267, 82 N. W. Rep. 910; Moseley v. State, 92 Miss.

250, 45 South. Rep. 833. If such a presumption is warranted, which we do not hold, it is such a presumption as would prevent a conviction of intent to commit any other felony, in the absence of facts rebutting that presumption, and raising the presumption of intent to commit a different offense.

It is a well-settled rule that in order to convict on circumstantial evidence, the facts must be such as to exclude every reasonable hypothesis except that of the guilt of the accused of the offense charged. In this case the accused was charged with an intent to commit a specific act. Only the breaking and entering, and the presence of a woman and children in the room, were proven. This does not exclude the hypothesis that he intended to commit murder, larceny, arson or any other felony. ·

The circumstantial evidence in this case falls short of the essential of excluding every other hypothesis but that of the prisoner's guilt of the offense charged.

In the case of Davis v. State, 22 Fla. 633, it was proven that the accused broke and entered a dwelling house and was in the room where a young lady was asleep. She was awakened by her father speaking, and as she lay in bed with her eyes partially opened she saw the accused standing in her room by a window near the foot of her bed. She jumped from the bed and ran out of the room screaming. This court held that the intent "is an essential ingredient, and must be proven in order to warrant the conviction of the defendant."

In that case the indictment in the first count charged the defendant with breaking and entering a dwelling house with intent to commit rape; in the second count, with breaking and entering with intent to steal and carry

away the property of one person, and in the third count with breaking and entering with intent to steal and carry away goods and property of another person. The jury found him guilty under the first count. The prosecution charged the accused with intent to commit three separate offenses, and left it to the jury, in the absence· of any proof other than the breaking and entering, to infer or guess which of the offenses he intended to commit.

In the case under consideration the prosecution did its own guessing and charged the accused with intent to commit one certain offence.

The doctrine of the case of Davis v. State, *supra,* is determinative of this case and as there was no evidence to prove the essential ingredient of intent the conviction cannot stand.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.