124 So.2d 741 (1960)
Johnnie ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. C-18.
District Court of Appeal of Florida. First District.
November 29, 1960.
*742 Johnnie Allen, in pro. per., for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
STURGIS, Judge.
Appellant was convicted of assault with intent to commit murder pursuant to an information which charged that the deadly weapon employed was a knife.
Acting in proper person, appellant seeks reversal on the general grounds: (1) that the evidence failed to adequately identify him as the assailant; (2) that physical force was exerted upon his person in an attempt to obtain a confession of guilt; and (3) that the evidence is insufficient to support the verdict.
There is no merit to the first and second contentions. The prosecutrix not only positively identified appellant as the person who assaulted her, but substantiated her identification by particularizing the clothing worn by him and certain features of his person. The question of whether appellant was subjected to force in an attempt to coerce a confession is immaterial because the record is devoid of any showing that a confession was made by him at any time.
Appellant was tried on two counts of an information, one of which charged that the deadly weapon involved was a pistol. A verdict of not guilty was rendered thereon. The other count, upon which he was convicted, charged that the deadly weapon was a knife. The brief of the Attorney General, representing the State on this appeal, with commendable impartiality and frankness makes the following observation which we find to be supported in every respect by the transcript:
"The strongest testimony contained in the record relative to the actual altercation which led to the conviction herein * * *, as given by the prosecuting witness, reflects that she was physically accosted by the appellant; that he announced his intention of `attacking' her; that he warned her not to move because he had a gun in her back; that he thereafter did bodily assault her with his hand, but that she never saw a weapon of any kind in his possession. It should be remembered that the appellant was convicted with (sic) assault with a deadly weapon, to-wit: a knife, with intent to commit murder. The only mention of a knife in the entire testimony * * * [is that] wherein the plaintiff himself testified that when he was taken to the police station he was searched and the police found a knife on him. The testimony is absolutely silent as to whether it was a pen knife, bread knife or combat knife, or whether or not it had ever been used in an unlawful venture. Further, the State has failed to find any evidence of any nature whatsoever contained in the record which would tend to demonstrate that at the time of the attack the appellant intended to commit homicide upon the prosecuting witness. It is apparent that the appellant did attack * * * [the prosecutrix] with the probable intent to commit rape upon her, but he was not charged with this offense.
"Based upon the obvious variance in the weapon charged to have been used by the appellant in the assault and the weapon mentioned by * * * [the prosecutrix] as being used in the assault, together with the failure of the State to find any evidence relative to an assault with intent to commit murder, and finally, based upon the legal precedent contained in Simpson v. State, Fla. [81 Fla. 920] 87 So. 920, the State of Florida is unable to join issue with the complaint registered here, and respectfully consigns same to the bosom of the Court for whatever disposition the Court may deem to be just and proper in the circumstances."
*743 In Simpson v. State, 81 Fla. 292, 87 So. 920, 921, the defendant was convicted of breaking and entering a dwelling house "with intent to commit a felony, to wit, the crime of rape." The testimony established that the prosecutrix was awakened when the defendant, who had been drinking to excess, partially entered her dwelling through a window, at which time she struck a light, saw the defendant and screamed, whereupon the defendant fled the scene  only this and nothing more. In reversing, our Supreme Court observed that there were many felonies, any one or all of which the defendant might have intended to commit, but that the prosecution selected rape and so charged him; further, that the evidence, independent of the acts of breaking and attempting to enter, did not directly or circumstantially prove the intent to rape as charged in the indictment, saying:
"If the evidence is sufficient to support that charge, it would support a charge of intent to commit murder, arson, larceny, or any other felony the framer of the indictment saw fit to charge him with."
Presumption of criminal intent may arise from proof of the commission of an unlawful act, the general rule being that if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention. This rule, however, does not apply in the case of crimes like burglary, assault with intent to kill, or rape, for which a specific intent is necessary. Here the burden is on the state to prove affirmatively by direct or circumstantial evidence that the act was done with the requisite specific intent. Simpson v. State, supra.
The within quotation from the State's brief is tantamount to an admission that the evidence in this case is wholly insufficient to support the verdict and we agree with that premise. Appellee suggests that the evidence might have been sufficient to support an information or indictment charging appellant with an assault to commit rape. Such, however, is not germane to this appeal for the obvious reason that appellee was not tried for that crime.
It is well settled that in order to convict on circumstantial evidence, the facts must be such as to exclude every reasonable hypothesis except that of the guilt of the accused of the offense charged. In the case on review the accused was charged with an intent to commit a specific act, that of murder, and it was also charged that he undertook to commit that act by the use of a deadly weapon consisting of a knife. The evidence falls far short of establishing either of these essential facts by direct evidence or by circumstantial evidence of the character contemplated by the rule.
The judgment is reversed.
WIGGINTON, C.J., and CARROLL, DONALD, J., concur.