PER CURIAM.
The defendant, Samuel Brown, appeals the judgment finding him guilty of violating Section 562.34(1), Florida Statutes, F.S.A., (unlawful possession of containers for use in bottling or packaging alcoholic beverages).
The sole question on appeal is whether the evidence was sufficient to establish that the defendant had in his possession, custody and control bottles, vessels or containers in violation of Section 562.34(1). which provides:
“It shall be unlawful for any person to have in his possession, custody or control any cans, jugs, jars, bottles, vessels or any other type containers which are being used, are intended to be used or are known by the possessor to have been used to bottle or package alcoholic beverages containing more than one per cent of alcohol by weight; provided, however, that this provision shall not apply to any person properly licensed to bottle or package such alcoholic beverages or to any person intending to dispose of such containers to a person, firm or corporation properly licensed to bottle or package such; alcoholic beverages.”
The State concedes that the conviction was based upon circumstantial evidence. The law concerning the sufficiency of circumstantial evidence is stated in Pacetti v. State, Fla.App.1963, 157 So.2d 445, to the effect that:
“ ‘Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the-crime, it [sic] is not sufficient to.sustain conviction. It is the actual exclusion of the hypothesis of innocence-which clothes circumstantial evidence with the force of proof sufficient to-convict. Circumstantial evidence-which leaves uncertain several hypotheses, any one of zvhich may be-sound and some of zvhich may be entirely consistent zvith innocence, is not adequate to sustain a verdict of guilt. Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is. likewise consistent with a reasonable hypothesis of innocence. * * * ’
(Emphasis added).
See also 13 Fla.Jur. Evidence § 417..
*564 The facts in this cause are lengthy and controverted and are not essential to our opinion. A thorough review of the evidence and record does not exclude every reasonable hypothesis except that of the guilt of the defendant of the offense charged. Allen v. State, Fla.App.1960, 124 So.2d 741.
For the reasons stated the judgment is
Reversed.