SMITH, Justice:
The appellant, Charles Yates, was convicted in the Circuit Court of Montgomery County of assault and battery upon one Anderson, with intent to kill and murder him, and was sentenced to serve a term of five years in the penitentiary.
The appellant has assigned one ground for reversal, contending that the verdict finding him guilty was contrary to law and the overwhelming weight of the evidence.
Both appellant and Anderson testified, as did several other eyewitnesses.
The proof was that appellant, Yates, following an argument at a cafe, was knocked down and his shirt torn in a brief *462 scuffle with Anderson, a somewhat larger man. They were separated immediately and each departed — Yates going to his home where he armed himself with a pistol. There are some discrepancies in the testimony of the witnesses as to the exact movements of both parties during the next several hours. But about three hours after the first difficulty, Yates drove up in his car in front of another cafe, where he saw Anderson standing on the porch. The testimony of Yates and Anderson is directly conflicting as to the events of the next few moments. However, all witnesses, except Yates, agree that Anderson was unarmed and standing on the porch talking to another man. Yates got out of his car and fired three shots at Anderson, the third striking him in the head, penetrating his brain and requiring brain surgery. Anderson has been left with a partial paralysis as the result.
No question is raised as to the granting or refusing of any instruction nor as to the admission or exclusion of evidence.
Yates testified that when he fired the shots, Anderson was advancing upon him with a “blade”. This is not supported by the testimony of the other witnesses. It was the province of the jury to reconcile discrepancies and to resolve conflicts in the testimony of the several witnesses. There was ample evidence to support a finding by the jury that appellant armed himself with a pistol for the purpose of renewing the earlier difficulty with Anderson. He sought him out and shot him at a time when Anderson was unarmed, and Yates was neither in real nor apparent danger at his hands.
In the course of his argument as to the sufficiency of the evidence, appellant contends that “no sufficient unlawful intent was proved.” In support of this contention, he cites Simpson v. State, 81 Fla. 292, 87 So. 920 (Fla.1921).
In the case cited, the accused had been convicted of breaking and entering a house with intent to commit rape. The proof was that he broke a window but was frightened away before he did any act indicating that his intention in doing so was to commit rape. The court reversed and held that it could not be presumed upon the evidence that his intent in breaking and entering was to commit rape in the entire absence of any proof upon that point. In the case before us, the jury was more than warranted in finding from the direct evidence of eyewitnesses that, in shooting Anderson with a pistol, it was Yates’ intention to kill him, and that if death had resulted the homicide would have been murder.
Affirmed.
GILLESPIE, P. J, and RODGERS, BRADY and PATTERSON, JJ., concur.