**STATE of Iowa, Appellee,**

v.

**William Bud FOX, Appellant.**

**No. 53043.**

Supreme Court of Iowa.

June 11, 1968.

Garold F. Heslinga, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., James R. Martin, Asst. Atty. Gen., and Lake E. Crookham, Mahaska County Atty., for appellee.

STUART, Justice.

A county attorney's information filed July 11, 1967, charged defendant William Bud Fox with the crime of attempting to break and enter the Coffee Cup Cafe in Oskaloosa, Iowa on the morning of July 6, 1967 with intent to commit larceny in vio-

lation of section 708.10 of the Iowa Code. Defendant's motion for a directed verdict at the close of State's case was overruled. He rested without introducing any evidence. The jury found defendant guilty as charged. He filed a motion in arrest of judgment which was overruled. Sentence was pronounced.

I. Defendant claims the trial court erred in overruling his motion for directed verdict "as the State offered no proof of the intention of the defendant to commit larceny, or sufficient proof upon which the jury could base a presumption of intent to commit larceny". At the trial he took the position that the law does not apply the presumption of an intent to commit a larceny which arises in a breaking and entering case, State v. Teeter, 69 Iowa 717, 717–718, 27 N.W. 485; State v. Worthen, 111 Iowa 267, 271, 82 N.W. 910; State v. Woodruff, 208 Iowa 236, 243, 225 N.W. 254, to the charge of *attempt* to break and enter.

█ There is a language in State v. Woodruff, supra, which appears to support this position. However State v. Allnutt, Iowa, 156 N.W.2d 266, 272, holds there is no distinction between the presumption in an actual breaking and entering and an attempt to break and enter. Defendant acknowledges State v. Allnutt, but now argues there is no substantial evidence here upon which the jury should be allowed to predicate a presumption of intent. He claims it is just as reasonable to presume defendant was drunk and fell through the glass window. We do not agree.

█ In determining the sufficiency of the evidence to raise a jury question we view it in the light most favorable to the state. State v. Everett, Iowa, 157 N.W.2d 144, 145.

George McFadden, a part-time police officer for the City of Oskaloosa, while working in his official capacity on the morning of July 6, 1967, parked his car on First Avenue to observe the activity in "tavern country". At about one o'clock a. m. he saw defendant, whom he knew and recognized, leave the Union Tavern, angle across the street towards the Coffee Cup and disappear into the east end of the alley back of the cafe. In a couple of minutes, defendant reappeared and McFadden lost sight of him in the activity around the taverns. About twenty or thirty minutes later he again saw defendant: "He was alone and he again went down in front of the Coffee Cup Cafe to the north side of it, turned and came back to the alley again and headed back into the alley. I started my car and turned back west on First Avenue and went to the alley intersection that runs north and south and I turned into the alley north. * * *

"As I went up the alley I had my lights off and when I came to the intersection of the north-south and east-west alley, I looked up and down the alley and didn't observe him no place. I continued north and came around the block north of the Salvation Army, turned back south on B Avenue and turned into the east-west alley along side of the Coffee Cup."

McFadden proceeded down the alley to where the rear door of the cafe opens onto the alley. There he "observed Mr. Fox * * * at the back door of the * * * cafe * * * and * * * his arm was inside of the door, and he pulled it out and started to run * * *".

Defendant ran a short distance, fell over a tar bucket, was apprehended by the officer and taken to the police station. Defendant's left hand was lacerated and bleeding. When arrested he had no tools or accessories in his possession.

Officer McFadden returned to the scene a short time later with Officer McGrew and found the screen door torn adjacent to the broken glass pane in the rear door of the cafe. A mop handle was found in the alley which had pry marks on it and screen wire and glass imbedded in it. They found

a long butcher knife lying on the floor inside the door.

Mr. Phillip Ray, the operator of the Coffee Cup Cafe testified that when he closed July 1, 1967 for a ten day vacation, the rear screen door was not torn and the glass in the inner door was not broken. He used two large butcher knives to secure the door on the inside inserting them behind the casing above and below the lock. Utensils, merchandise and cash were left in the restaurant.

■ Under Iowa authorities defendant's intent to steal may be inferred from his breaking and entering a building which contains things of value.

"Some presumptions are to be indulged in against one who enters a dwelling unbidden, at a late hour of night, else the burglar caught without booty might escape the penalties of the law. * * * The usual object is theft, and this is the inference ordinarily to be drawn, in the absence of explanation, from breaking and entering at night, accompanied by flight upon discovery, even though nothing has been taken." State v. Worthen, 111 Iowa 267, 269, 82 N.W. 910, 911, and citations.

"It is argued that the act of breaking and entering the building, standing alone, evidences no intent beyond the act itself, and the question whether the act was done with the specific intent charged must be determined alone from the other facts and circumstances of the transaction. But this view is not sound." State v. Teeter, 69 Iowa 717, 718, 27 N.W. 485, 486.

"So, if one was to be found in the night-time in the act of breaking into a building in which money or property of great value was deposited, his act would give very strong evidence indeed of the motive or purpose which prompted it. And a case would hardly arise, we think, in which it would not be proper to consider the fact that the building was broken and entered in determining the intent with which the party acted in doing the act." 69 Iowa at 719, 27 N.W. at 486.

"It is quite apparent that the law as announced in the foregoing authorities is sound. To hold otherwise would permit one who breaks and enters a home in the dead hours of the night, but whose presence is detected before he has had time to do anything to indicate his intent, and who flees from the house upon his detection, to go unpunished. The general rule is that in the absence of explanation, the jury may infer from the fact of his breaking and entering that his intent was to commit larceny. In ascertaining the intent, the jury may take into consideration all the other facts and circumstances disclosed by the evidence, and bearing upon that question." State v. Woodruff, 208 Iowa 236, 243, 225 N.W. 254, 256.

■ We believe the circumstances under which defendant was apprehended together with the facts disclosed on subsequent investigation and the testimony of the owner were sufficient to raise a jury question on the charge of attempting to break and enter with intent to commit larceny.

■ II. Defendant contends the State proved a crime other than the one charged and failed to prove the elements of *attempting* to break and enter with the intent to commit larceny. Fox claims the evidence he was seen with his arm inside the back door of the cafe proved breaking and entering rather than attempting to break and enter. Section 708.10 of the Iowa Code. State v. Sorenson, 157 Iowa 534, 138 N.W. 411; State v. Murray, 222 Iowa 925, 270 N.W. 355. He claims failure or lack of success is an essential element of the crime of "attempt" and cites foreign and secondary authority for that proposition. Taylor v. State, 96 Okl.Cr. 188, 251 P.2d 523; Dunbar v. State, 75 Okl.Cr. 275, 131 P.2d 116; Patrick v. People, 132 Ill. 529, 24 N.E. 619; People v. Meyer, 75 Cal. 383, 17 P. 431; 21 Am.Jur.2d, Criminal Law, § 110.

This is not the law of Iowa. In State v. Mahoney, 122 Iowa 168, 172–173, 97 N.W. 1089, 1090, defendant raised a similar question. In affirming the conviction of attempting to break and enter, we said: "There was no variance between the allegations and the proof. In a sense the commission of an offense involves an attempt to commit it. It may not be a degree of the main offense, nor be necessarily included therein, so as to require the court to charge with reference thereto in every case where the commission of an offense is charged. But, as the greater includes the less, it is manifest that in every case where an attempt is charged proof of the actual commission of the offense establishes the attempt. If the offender actually commits the offense, he necessarily attempted to do it, and proof of the commission of the actual offense does not constitute a variance."

The same contention was made in State v. Baxter, 245 Mich. 229, 222 N.W. 149, 150. The Michigan court said: "Defendant invokes the rule, operative in some jurisdictions by judicial holdings, and in others by statute, that there can be no conviction of an attempt to commit a felony, if the evidence establishes consummation of the felony. * * * But the rule is not general, and does not prevail in this jurisdiction. If an information admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense. (Citing Michigan cases)." 222 N.W. at 150.

III. Defendant asks for a new trial in the interest of justice. His attorney asserts he did not have defendant testify at the trial in reliance on "State v. Cook, 188 Iowa 655, 176 N.W. 674 and the dictum in State v. Woodruff, 208 Iowa 236, 225 N.W. 254, which held that there is a difference on burden of proof of intent between the 'break and enter' case and the 'attempt' case". He claims he would have had defendant testify had he had the advantage of our opinion in State v. Allnutt, 156 N.W.2d 266, 272, which was decided after the trial. He states: "A criminal defendant and his lawyer should be able to rely on existing legal interpretations at the time of trial in formulating the manner of presenting their defenses."

Although there may be instances in which a defendant should be granted a new trial in the interest of justice where an appellate court has overruled a clear precedent of long standing, this is not such a case and we are not called upon to consider such contention and its many ramifications. Here we have little more than a disagreement between defendant's counsel and the court as to the meaning of some rather indefinite language in these two cases.

In State v. Cook, supra, the court did not say the presumption did not arise under a charge of attempt to break and enter. The question was the sufficiency of the evidence to raise the presumption of intent to commit a larceny. We said: "It is true that the intent may be and usually must be established by circumstances, other than direct evidence; but it cannot be inferred from the mere attempt to break and enter." 188 Iowa at 659, 176 N.W. at 676.

We pointed to the fatal lack of evidence in reversing the trial court's conviction: "* * * the testimony goes no further than to show that, on the night in question, some person appeared upon the porch of said residence and flashed a light through an open door protected by a wire screen, thereby arousing the housewife from her slumbers and causing her to scream in fright; whereupon he turned away and disappeared. No one either then or on the trial pretends to have recognized him or attempts now to identify him. There is no evidence that the screen door was opened by the trespasser or that he attempted to open it or laid hands upon it." 188 Iowa at 662, 176 N.W. at 677.

State v. Woodruff, supra, involved a charge of breaking and entering. The

opinion distinguishes the case from State v. Cook on the basis of the charge and contains the following dictum: "In State v. Cook, the indictment was not for breaking and entering a dwelling house with intent to commit larceny, but the defendant was therein charged with an attempt to break and enter a dwelling house, with intent to commit larceny. It is apparent from a reading of the case that the court realized that the conviction hinged on flimsy evidence and the court in no way overruled * * * (Citation). The most that can be said of the Cook Case is that we refused to apply the general rule in cases of attempt to break and enter with intent to commit larceny." State v. Woodruff, 208 Iowa 236, 244, 225 N.W. 254, 257.

The general rule referred to is set out in State v. Woodruff, supra, at p. 243, 225 N.W. at p. 256: "* * * in the absence of explanation, the jury may infer from the fact of his breaking and entering that his intent was to commit larceny. In ascertaining the intent, the jury may take into consideration all the other facts and circumstances disclosed by the evidence, and bearing upon that question."

This dictum is not supported by the Cook case which turned on the evidence presented not the charge filed. Here the evidence disclosed a completed breaking and entering and this decision is not contrary to Cook. However, we do not wish to be understood as approving the broad language in the Cook case indicating the presumption of intent to commit larceny does not arise if the evidence discloses only an attempt to break and enter. The evidence of an attempt to break and enter might well justify the presumption it was with intent to commit larceny.

The fact that defense counsel and this court may interpret the law of the cases differently is not grounds for a new trial in the interest of justice. Trial tactics by an able lawyer which prove to be unsuccessful do not give defendant the op-

portunity to approach his defense in some other manner a second time.

For the reasons stated the trial court is affirmed.

Affirmed.

All Justices concur.