GILLESPIE, Presiding Justice:
Conviction of Burglary: eighteen months.
The Conehatta Repair Shop, located at Conehatta, Newton County, Mississippi, a combination grocery and repair shop, had been plagued by burglaries. As a consequence, Billy Haralson, owner, slept inside the store in an attempt to catch the burglar. Mr. Haralson apprehended the defendant late at night inside the repair shop after the defendant had broken and entered a window at the rear of the building.
Defendant’s sister had driven him to Decatur to visit his brother who was in jail. He then went to Conehatta to try to find someone to get his brother out of jail. Between 11 p. m. and 12 p. m. defendant unsuccessfully sought a ride home or a place to sleep. Shortly thereafter he was caught inside the Conehatta Repair Shop. Defendant testified that he was dressed in light clothing and the weather was very cold. He stated that he saw a heater burning inside the Conehatta Repair Shop and that he entered the building to get warm.
The principal contention is that the State failed to prove the necessary felonious intent to commit larceny as charged in the indictment and required by Mississippi Code 1942 Annotated, Section 2043 (1956). The Mississippi rule was set out in Nichols v. State, 207 Miss. 291, 42 So.2d 201 (1949) and Thames v. State, 221 Miss. 573, 73 So.2d 134 (1954). These cases followed State v. Worthen, 111 Iowa 267, 82 N.W. 910 (1900), which stated:
Some presumptions are to be indulged in against one who enters a building unbidden, at a late hour of night, else the burglar caught without boot might escape the penalties of the law. * * * People are not accustomed, in the nighttime, to enter homes of others, when asleep, with innocent purposes. The usual object is theft, and this is the inference ordinarily to be drawn in the absence of explanation from breaking and entering at night, accompanied by flight when discovered, even though nothing has been taken. (111 Iowa at 269, 82 N.W. at 911).
The recent case of Newburn v. State, 205 So.2d 260 (Miss.1967), stated:
The State seldom has direct and positive testimony expressly showing the specific intent of an intruder at the time he unlawfully breaks into a dwelling house; however, such testimony is not essential to establish the intent to commit a crime. Intent is an emotional operation of the mind, and is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time. Defendant’s intention is manifested largely by the things he does. (205 So.2d at 265).
Applying the above cases to the case at bar, there was ample evidence for the jury to find that the defendant had the felonious intent to commit larceny. The jury was not bound to find that he entered the shop to get warm.
*291 We have carefully considered the other assignments of error and find no reversible error therein.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.