STATE of Iowa, Appellee,

v.

George Ray GOFF, Appellant.

No. 54312.

Supreme Court of Iowa.

Jan. 19, 1971.

Gary H. Swanson, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and Raymond A. Fenton, County Atty., for appellee.

MOORE, Chief Justice.

Defendant, George Ray Goff, appeals from his conviction and sentence for the crime of breaking and entering in violation of section 708.8, Code, 1966. He asserts testimony of a State's witness was inadmissible, the State failed to meet its burden of proof and he did not have a fair trial. We affirm.

About eleven p. m. January 22, 1968 the front door of the R & L Grocery Store, 836 East Ninth Street, Des Moines was broken open. Neighbors were aroused, the police called and when officers arrived defendant was seen running out of the door with a case of beer under his arm. He and a companion tried to flee in an automobile but were apprehended near the scene. The officers used force to subdue defendant who continued to struggle after being caught. Stolen beer and a carton of airplane glue were found in defendant's automobile. The store had been closed at six p. m.

Louie Gotler, the store owner, died shortly before trial. A long-time store employee, Mrs. Jackie Gravitt, on direct examination was asked whether Mr. Gotler had given anyone permission to take things out of the store without paying for them. Her answer was no. Defendant's trial counsel made no objection or motion to strike. After cross-examination a "hearsay" objection was made. Later a motion to strike was made. No specific ground therefor was stated. The record clearly shows trial counsel failed to make an adequate and timely objection. This is conceded by defendant's appeal counsel. He asks we assume an objection was timely made that the question called for an opinion and the witness was not competent.

I. An objection, to be timely, must ordinarily be made at the earliest opportunity after the ground of the objection becomes apparent. A motion to strike or withdraw evidence is not timely where it came in without objection and the grounds of the motion should have been apparent before it was made. State v. Shimon, Iowa, 182 N. W.2d 113, filed December 15, 1970; State v. Slater, 261 Iowa 554, 558, 559, 153 N.W. 2d 702, 705, and citations.

▇ The rule is well established that a party is not entitled to urge a contention raised for the first time in this court. KeWash Company v. Stauffer Chemical Company, Iowa, 177 N.W.2d 5, 9, and citations. We decline to consider an objection to the testimony of Mrs. Gravitt not made in the trial court. It is indeed interesting to note defendant admitted on cross-examination Mr. Gotler had never given him permission to break and enter the store or to take merchandise without paying for it. He denied having been in the store building.

II. In State v. Fox, Iowa, 159 N.W.2d 492, 494, we say: "Under Iowa authorities defendant's intent to steal may be inferred from his breaking and entering a building which contains things of value.

" 'Some presumptions are to be indulged in against one who enters a dwelling unbidden, at a late hour of night, else the burglar caught without booty might escape the penalties of law * * * The usual object is theft, and this is the inference ordinarily to be drawn, in the absence of explanation, from breaking and entering at night, accompanied by flight upon discovery, even though nothing has been taken.' State v. Worthen, 111 Iowa 267, 269, 82 N.W. 910, 911, and citations."

Here defendant was seen coming out of the broken front door of the store carrying a case of beer.

Section 708.8, Code, 1966 states that "If any person, with intent to commit any public offense * * * at any time break and enter any office, shop, store * * * in which merchandise is kept", such person shall be guilty of breaking and entering and punished as therein provided.

▇ The record reveals the evidence created a jury question on each of the essential elements of the crime of breaking and entering. Defendant was not charged or being tried with committing larceny. He was not entitled to a directed verdict.

III. We find no reversible error and conclude defendant had a fair trial.

Affirmed.

All Justices concur.