HOBSON, Judge.
John G. Williams appeals from a verdict and judgment convicting him of First Degree Murder with a recommendation of mercy by the jury.
The facts presented to the jury below included not only facts related to the commission of the murder offense but also facts pertaining to an unrelated rape which *744 appellant committed shortly before he came upon the murder victim’s home.[1]
The murder victim’s wife, Mrs. Glaseo, testified that during the night of July 12, 1969, she heard footsteps on the roof of the screen porch next to her second-story bedroom window. Frightened by the noise, she turned the lights off and ran downstairs to her husband who was lying on the floor while watching television. Mr. Glas-eo went outside to investigate and within a few moments Mrs. Glaseo heard the shot which ended her husband’s life. This is the same shot which the rape victim heard approximately forty-five minutes after appellant had left her home.
Over appellant’s objection, evidence dealing with the events which transpired at the rape victim’s home some three hundred yards from the Glaseo residence was introduced during the trial. Appellant contends that this evidence “unduly featured” the prior offense of rape and should not have been held admissible as condemned in Williams v. State, Fla.1960, 117 So.2d 473 and Green v. State, Fla.App. 1969, 228 So.2d 397, cert, denied, 237 So.2d 540. After a thorough examination of the entire transcript we must disagree with appellant’s contention. We also note that in the light of the Williams’ rule,[2] the prosecution effectively tied in the prior offense with the murder of Mr. Glaseo through the introduction of certain facts, to-wit: that appellant had broken and entered the rape victim’s home through a window; testimony by the rape victim that appellant held a gun on her during the rape, that he had been watching her and that “he would use the gun on anybody that got in his way” and that the Glaseo residence was approximately three hundred yards away from the rape victim’s home.
The rape victim’s description of her assailant and recognition of appellant due to his earlier patronage of a local neighborhood tavern led to appellant’s arrest and search and seizure within the livingroom of his residence. Appellant’s challenge of this particular confrontation with the police has already been held to have no merit.[3]
The single bullet which ended Mr. Glasco’s life was identified by ballistics experts as being shot from none other than a gun found in a bedroom of appellant’s residence through the use of a post-arrest search warrant, the legality of which appellant contests by alleging that the affidavit in support thereof insufficiently alleged probable cause. The affidavit, in effect, alleged the following:
(1) Homicide of George Glaseo, found dead from a gunshot wound.
(2) Rape of Janet Douglas by force and against her will at gun point.
(3) Affiant believed that John Williams committed said felonies.
(4) Affiant found John Williams at the dwelling to be searched.
(5) Affiant arrested John Williams on a charge of Murder in the First Degree and Rape.
(6) Affiant found in plain view in room where John Williams was arrested clothing similar to that being worn by John Williams during the perpa-tration of said felonies.
(7) Affiant found ten .38 caliber live cartridge rounds in the pocket of the aforementioned clothing.
(8) Affiant found a pair of black men’s shoes, the sole of which appeared to match footprints found in the immediate vicinity of the perpetration of the aforesaid felonies.
*745 As such, it can readily be seen that the affidavit provided more than sufficient probable cause and we find no merit in appellant’s contention. 29 Fla.Jur., Search and Seizure, §§ 29, 34-36.
Appellant also contends that the trial court erred in failing to grant his motion for judgment of acquittal as to the offense of murder in the first degree since there was an insufficiency of the evidence to show either a premeditated design or felony-murder so as to support a verdict of guilty thereon.
Facts such as: appellant’s statement that he would use the gun on anybody who got in his way while holding said gun to the rape victim’s head, breaking and entering into a residence just three hundred yards from the murder scene coupled with the seizure of appellant’s pants containing 10 live rounds of ammunition and positive identification of the murder weapon as being within appellant’s possession, create a strong case of circumstantial evidence against appellant which certainly could have given the jury grounds to believe that, appellant did in fact kill Mr. Glaseo with a premeditated design. 16 Fla.Jur., Homicide § 86.
Although there were no eye witnesses to the moment of confrontation between appellant and Mr. Glaseo the jury could have inferred that appellant, upon reflection of the situation, decided before he came upon Mr. Glaseo that he would resort to murder in an effort to avoid being apprehended, identified and placed in the vicinity of the rape. See Mackiewicz v. State, Fla.1959, 114 So.2d 684.
Finally, the most salient facts which were produced at trial in the prosecution’s attempt to show felony-murder committed through the killing of Mr. Glaseo while in the attempt to commit burglary [4] are: that appellant must have been on top of the screen porch when he shot Mr. Glaseo since the bullet entered his body at a 60° angle, a clear view of the second floor bedroom could be had from the roof of the screen porch, appellant’s breaking and entering into the rape victim’s home and his statement that he had been watching her. Certainly this evidence not only shows an overt act towards the commission of the burglary, Groneau v. State, Fla.App. 1967, 201 So.2d 599, cert, denied, 207 So.2d 452 (1967), but also tends to establish or corroborate the intent to commit the crime of burglary. Simpson v. State, 81 Fla. 292, 87 So. 920 (1921); Young v. State, Fla. App.1964, 162 So.2d 297; Scott v. State, Fla.App.1962, 137 So.2d 625.
In sum, we find no reversible error, and the evidence is more than sufficient to support the verdict and judgment of guilt. Accordingly, we must affirm.
Affirmed.
LILES, A. C. J., and MANN, J., concur.

. Appellant’s conviction of rape without a recommendation of mercy has been affirmed by the Supreme Court of Florida as reported in Williams v. State, 247 So.2d 425, oirinion filed May 5, 1971.

. Williams v. State, Fla.1959, 110 So.2cl 654.

. Williams v. State, supra, note 1.

. F.S. § 782.04.