MANN, Chief Judge.
Bruneau, armed with a gun, forced his way into a Lakeland home when the maid answered the doorbell. A methodical burglary was in process when the police, called by an astute observer, arrived at the scene. Bruneau fled, shooting a policeman in the process. It is now urged that his conviction of assault with intent to commit murder in the first degree cannot stand because his specific intent is unproved. We disagree. When a burglar fires a pistol at a pursuing policeman the jury may infer his intent to kill. Allen v. State, Fla.App.1st. 1960, 124 So.2d 741 is markedly different. There, the charge was assault with a deadly weapon, to-wit: a knife, with intent to commit murder. The Attorney General admitted candidly that there was no evidence that the „knife had been used and there was simply no proof of the charge. Ricard v. State, Fla.App.3d 1966, 181 So.2d 677, on which Bruneau also relies, must be cited for a headnote asserting the indisputable principle that the state must exclude every hypothesis of innocence. It is not shown with what innocent purpose Bruneau might have fired his gun at the policeman, or that any intent other than a premeditated one could have been involved. The nature of the act allowed the jury to find as it did. See Cobb v. State, Fla.App.2d 1968, 214 So.2d 372.
None of the other points raised merits comment except that the record does disclose unlawful sentences on several counts.
Bruneau was charged in Count IT with breaking and entering with intent to commit robbery and in Count III with robbery. The latter offense comprehends the former for reasons elaborated in Edmond v. State, Fla.App.2d 1973, 280 So.2d 449, cert. den. December 20, 1973, Sup., 287 So.2d 690. Because Bruneau was sentenced to life imprisonment on Count III, there is no necessity for resentencing. The sentence imposed on Count II is vacated.
Bruneau made his escape by forcing a neighbor of the victims to drive him to Tampa. Counts VIII, IX and X variously describe a single transaction. Count VIII charges Bruneau with assault with a deadly weapon, the means whereby he persuaded June Marie Royal to drive him in her car to Tampa. Count IX charges larceny of the car. It is arguable that in another county, at a later time the Royal car was stolen. We express no opinion on this point. It suffices to say that the conduct charged in Polk County merges into the tenth count. Count X charges extortion in that Bruneau forced June Marie Royal at gunpoint to do an act against her will, namely to convey him in her automobile to Tampa. These counts are all various ways of characterizing the same conduct and are not cumulatively punishable. Edmond v. State, supra; Cone v. State, Fla.1973, 285 So.2d 12. Count X charges the gravest offense and a sentence of ten years was imposed thereon. This was the maximum sentence in effect at the time. We see no need to return Bruneau for resentencing and accordingly the sentences imposed under Counts VIII and IX are vacated. In all other respects the judgment and sentence are
Affirmed.
HOBSON and McNULTY, JJ., concur.