406 So.2d 53 (1981)
Michael KRATHY, Appellant,
v.
STATE of Florida, Appellee.
No. XX-398.
District Court of Appeal of Florida, First District.
November 17, 1981.
*54 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., and Henry John Meyer, Legal Intern, Tallahassee, for appellee.
SHIVERS, Judge.
Krathy appeals his conviction on a charge of burglary, arguing, among other things, that the evidence was insufficient to withstand his motion for judgment of acquittal. We must agree that the State failed to prove a burglary as alleged in the information filed against Krathy, so we reverse the judgment and sentence.
The information charged that Krathy "did unlawfully enter or remain in a structure, to-wit: a dwelling ... with the intent to commit an offense therein, to-wit: theft, in violation of Section 810.02, Florida Statutes." At trial, the State's primary witness testified that after hearing the sound of breaking glass in a back room of her home, she walked to the doorway where she observed Krathy attempting to climb in through a window. Upon seeing her, he immediately backed out and fled.
In a prosecution for burglary, the State is required to prove beyond a reasonable doubt that the defendant intended to commit an offense, and this proof must be established in addition to and apart from the proof of unlawful entry. Simpson v. State, 81 Fla. 292, 87 So. 920 (1921); Griffin v. State, 276 So.2d 842 (Fla.4th DCA 1973). Here the State offered no proof of intent to commit theft.
This case is unaffected by the "presumption statute," Section 810.07, which creates a prima facie inference of intent to commit an offense upon proof of a stealthy, non-consensual entry. The State cannot rely on that presumption because it did not plead it in the information. Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981) [1981 F.L.W. 1665]. Instead, the State chose to allege an intent to commit theft. Due process requires that the State prove what it alleges.
Because we must reverse the judgment and conviction on the basis of insufficient evidence, further prosecution on a charge of burglary would be prohibited by Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). See also Tibbs v. State, 397 So.2d 1120 (Fla. 1981). However, Krathy has requested that this court, upon reversal, direct the trial court to enter judgment and sentence on the offense of trespass, and we note that the evidence would support a conviction for trespass of an occupied structure, Section 810.08(2)(b).
Accordingly, the conviction is reversed and this cause is remanded to the trial court for entry of judgment and sentence consistent with this opinion.
McCORD, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.