SHARP, Judge.
Van Teamer appeals his conviction for burglary of a structure.[1] He argues that a jury instruction based on section 810.07, Florida Statutes (1979)[2] should not have been given because the information alleged he entered the structure “with the intent to commit an offense therein, to-wit: a theft,” and it failed to allege reliance on the statutory presumption. We think the instruction was proper in this case, and we affirm.
In the case at bar, the trial court gave the standard jury instruction on burglary[3] including the provision that the State must prove beyond a reasonable doubt that at the time of entry the defendant had a fully formed conscious intent to commit the offense of theft. Because the State presented evidence of a stealthy non-consensual entry, it asked for and received, over the defendant’s objection, the standard instruction based on section 810.07 that proof of a stealthy nonconsensual entry may justify finding that the entering was with an intent to commit a crime. The remaining portions of the standard burglary instruction were also given concluding that if the evidence did not establish that the act was done with the intent to commit theft the defendant should be found not guilty.
In Rozier v. State, 402 So.2d 539 (Fla. 5th DCA 1981), we held that the intent to commit a specific offense is an essential element of the crime of burglary. The information in Rozier alleged in count one the specific intent to commit theft, for which the jury found Rozier not guilty; and in count two, that he entered the dwelling “stealthily and without the consent of the owner.” We held that count two did not allege the crime of burglary because it failed to say Rozier entered the structure with an intent to commit some kind of crime.
Rozier is not controlling in this case because the information alleged the specific intent to commit a theft, and there was proof at trial that Van Teamer stole a truck tire from the burglarized premises. Two witnesses testified they saw him leave the premises with a truck tire in hand. When he saw he had been seen he dropped the tire and fled. Inside, the owner of the premises found that the chain used to bind the truck *1131 tires together had recently been cut. Unlike Krathy v. State, 406 So.2d 53 (Fla. 1st DCA 1981), there was evidence presented to substantiate the allegation that Van Team-er entered with an intent to commit theft.
In both Krathy and Waters v. State, 401 So.2d 1131 (Fla. 4th DCA 1981), the State alleged in the informations that the defendant intended to commit theft, but failed to prove it at trial. It then sought to rely on the “stealthy entry” presumption to supply the specific intent element for burglary. Those cases adopted the rule that if the State is going to rely on the stealthy entry presumption to supply the specific intent of the burglary offense, it must allege it in the information.
We decline to apply that rule to this case because the information alleged intent to commit theft and there was proof of this element of the crime at trial. Stealthy entry was also proved, however, and in this case, the giving of the “stealthy entry” jury instruction was appropriate. It operated in this context like other kinds of evidentiary presumptions[4] which do not need to be alleged in an information in order to be given as jury instructions in a proper case. Nor do we think, in view of the other instructions given, that the jury was confused by thinking proof of stealthy entry alone was sufficient to prove the required intent to commit a theft.
Affirmed.
COBB and COWART, JJ., concur.

. § 810.02, Fla.Stat. (1979).

. § 810.07, Fla.Stat. (1979) provides:
In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof shall be prima facie evidence of entering with intent to commit an offense.

.Fla.Std. Jury Instr. (Crim) pp. 135-136 (1981).

. § 812.022(1), Fla.Stat. (1979) (failure to return leased property within 72 hours after lease terminates gives rise to inference of intent to commit theft).
§ 812.022(2), Fla.Stat. (1979) (proof of possession of property recently stolen unless explained, gives rise to inference of possessor knew or should have known the goods were stolen).
§ 500.151(2), Fla.Stat. (1979) (possession of a drug under subsection (1) not properly labeled to indicate that possession is pursuant to valid prescription is prima facie evidence that possession is unlawful).