483 So.2d 1353 (1986)
Frank JACKSON
v.
STATE of Mississippi.
No. 55267.
Supreme Court of Mississippi.
February 19, 1986.
William O. Townsend, Pearl, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the County Court of Rankin County, wherein the appellant, Frank Jackson, was indicted, tried and convicted as a recidivist for the crime of burglary of a dwelling. He was sentenced pursuant to Mississippi Code Annotated § 99-19-83 (1985 Supp.) to life imprisonment without benefit of parole in the custody of the Mississippi Department of Corrections. Aggrieved with the lower court's holding he has perfected his appeal to this Court raising fourteen (14) assignments of error.
*1354 The crime for which the appellant was tried occurred in the early morning hours of May 23, 1982 in the home of Mr. and Mrs. Ward in Brandon. Mrs. Ward was awakened when she heard a noise caused by a phone falling to the floor in the bedroom occupied by her brother, Johnny Blowe, who was visiting the Wards. Her ninety-two (92) year old husband was asleep when Mrs. Ward heard her brother ask "Who is you? What you doing in my house? What you doing in here?" Mrs. Ward walked to Blowe's room where she saw a black male sitting on the floor wearing only a dark colored T-shirt. The man identified himself as Tom Mize from down by the railroad tracks.
Mrs. Ward sought the help of her retarded son Hilliard, to get the intruder out of the house. Hilliard got a shotgun and told the man to get out. The black male went to the door and left going around the house.
After a few minutes had elapsed Mrs. Ward and her son went outside and around the house where they found some clothing under the house near the window leading into Blowe's room. The window had been pushed open and the screen pulled off. Mrs. Ward went back inside and called her daughter who phoned the police.
Later that morning the constable came by the Ward's with a black male in his vehicle. Mrs. Ward, as well as her brother, identified the suspect as the man who entered the Ward's home and was found in Blowe's room earlier that morning.
Hulon Craft, the investigating officer, testified he found the appellant approximately three (3) miles from the Ward's residence about 45 minutes after receiving the complaint. The appellant was found sitting under some lights outside Swilleys' Store. He told Craft his name was Johnny Mize and that he had been with two prostitutes who brought him to Swilleys, robbed him and took his clothes. After taking the suspect to the Ward's for identification Craft then took him to the jail where he was photographed and incarcerated. Later, near daylight, the appellant admitted to Craft that his name was Frank Jackson.

I.

THE COURT ERRED IN FAILING TO SUSTAIN HIS MOTION FOR A DIRECTED VERDICT.
The elements necessary to convict a defendant for the crime of burglary are (1) the burglarious breaking and entering of a dwelling or building, and (2) the intent to commit a crime therein. Mason v. State, 344 So.2d 144 (Miss. 1977). Suffice it to say the evidence presented at trial and reviewed by this Court is overwhelming as to the proof that the elements of burglary were shown.
The evidence offered by the State was that the appellant entered the house of the Ward's through a bedroom window which was covered by a screen and closed prior to their going to bed that evening. Mrs. Ward was awakened when she heard a phone fall to the floor and heard her brother question the intruder as to what he was doing in the home that night. The element of breaking was satisfied.
As to appellant's assertion that the intent to commit a crime therein portion of the statute was not satisfied, the jury had before it evidence that the appellant was found immediately, after entering the home wearing only a T-shirt. In Dixon v. State, 240 So.2d 289 (Miss. 1970) we stated:
The principal contention is that the State failed to prove the necessary felonious intent to commit larceny as charged in the indictment and required by Mississippi Code 1942 Annotated, Section 2043 (1956). The Mississippi rule was set out in Nichols v. State, 207 Miss. 291, 42 So.2d 201 (1949) and Thames v. State, 221 Miss. 573, 73 So.2d 134 (1954). These cases followed State v. Worthen, 111 Iowa 267, 82 N.W. 910 (1900), which stated:
Some presumptions are to be indulged in against one who enters a building unbidden, at a late hour of night, else the burglar caught without boot might *1355 escape the penalties of the law. * * * People are not accustomed, in the nighttime, to enter homes of others, when asleep, with innocent purposes. The usual object is theft, and this is the inference ordinarily to be drawn in the absence of explanation from breaking and entering at night, accompanied by flight when discovered, even though nothing has been taken. (111 Iowa at 269, 82 N.W. at 911).
The recent case of Newburn v. State, 205 So.2d 260 (Miss. 1967), stated:
The State seldom has direct and positive testimony expressly showing the specific intent of an intruder at the time he unlawfully breaks into a dwelling house; however, such testimony is not essential to establish the intent to commit a crime. Intent is an emotional operation of the mind, and is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time. Defendant's intention is manifested largely by the things he does.
(205 So.2d at 265).
240 So.2d at 290.
Cf: Winston v. State, 479 So.2d 1093 (Miss. 1985).
Under the facts of this, the jury was justified in inferring that the appellant entered the home, after removing his pants, for the purpose of committing an assault or rape upon someone therein.
The court quite correctly overruled appellant's motion for a directed verdict.

II.

THE COURT ERRED IN FAILING TO GRANT A MISTRIAL FOR ADMITTING A PHOTOGRAPH OF THE APPELLANT INTO EVIDENCE.
On the night of Jackson's arrest, upon being booked, he was photographed by Richard Bryant the Rankin County Jailer. Bryant died prior to the time of trial.
Craft, the arresting officer, testified the photograph was a fair and accurate depiction of the person (Frank Jackson) he arrested on the night in question. Appellant asserts Officer Craft did not take the photograph and thus was not the proper person to testify the photograph was a true and accurate depiction of the appellant. There is no requirement that the photographer testify if there is other competent testimony that the photograph represents what it purports to be, in this case the defendant.

III.

THE SENTENCE OF LIFE IMPRISONMENT WITHOUT PAROLE AS A VIOLENT HABITUAL OFFENDER IS UNCONSTITUTIONAL UNDER THE EIGHTH AMENDMENT TO THE CONSTITUTION AS CRUEL AND UNUSUAL PUNISHMENT.
The appellant argues his sentence of life imprisonment without parole is disproportionate to the offense he was charged with and cites us to Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) wherein it was held that one cannot constitutionally be sentenced to life imprisonment without parole where the sentence is disproportionate to the crime.
The appellant in Helm was charged with uttering a "no-account" check for $100.00, his seventh nonviolent felony. The court determined that although Helm's prior offenses were classified as felonies all were relatively minor. All were nonviolent and none was a crime against a person. The prior convictions of the appellant in the case sub judice were mayhem and manslaughter (the victim was killed after being raped), crimes of a violent nature. In Baker v. State, 394 So.2d 1376 (Miss. 1981) this Court specifically held that § 99-19-83 was constitutional. Also see: Adams v. State, 410 So.2d 1332 (Miss. 1982); Hayden v. State, 407 So.2d 535 (Miss. 1981). We find appellant's proportionality argument unpersuasive and his reliance on Helms misplaced. In our opinion, § 99-19-83 does not constitute cruel and unusual punishment as applied to the facts of this case.

*1356 IV.

THE COURT ERRED IN SENTENCING APPELLANT AS A VIOLENT HABITUAL OFFENDER BECAUSE, HE CONTENDS, ONE CONFINEMENT IN THE STATE PENITENTIARY OCCURRED AS A PROBATION REVOCATION AFTER THE APPELLANT'S PERIOD OF PROBATION HAD EXPIRED.
On January 24, 1972 the appellant received a three year suspended sentence on a conviction of mayhem. On November 16, 1976 he pled guilty to manslaughter after having initially been charged with capital murder[1] and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. On January 26, 1977 his probation on the charge of mayhem was revoked and he was sentenced to serve three years in the custody of the Mississippi Department of Corrections to run consecutively to his twenty year sentence and was placed on probation for five (5) years.
He argues that his probation was revoked two days after his probationary period expired in violation of Mississippi Code Annotated § 47-7-37 (Supp. 1984) and that the probation revocation and three (3) year sentence are both void, even though he served more than one year on the sentence before being placed on parole. He now asserts that he was unlawfully detained in the penitentiary on the mayhem charge and therefore, the confinement for this crime cannot apply to enhance his sentence under § 99-19-83.
Court records show that a petition for revocation of probation was filed January 13, 1977, approximately eleven (11) days prior to the expiration of the probationary period. We hold that this tolled the running of the five (5) year period, and since the petition was filed prior to the end of the probationary period and the lower court acted on the petition within a reasonable time (13 days) that the revocation of probation and sentence of three (3) years was lawful. If this were not the law, then a probationer who violates his probation on the last day of the five (5) year period would have to be caught and given a hearing that day or his probation could not be revoked. Such reasoning would be absurd and is not the law.
Having carefully reviewed the record before us we find that the trial court was correct in its determination that the appellant was to be sentenced as an habitual offender.
The appellant also contends that the records introduced from the penitentiary actually showed the time he served covered one period of confinement and for this reason would not comply with § 99-19-83 in order to sentence him as a violent habitual offender.
Section 99-19-83 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Christine Houston, Director of Records for the Department of Corrections, testified that the appellant served five years on his twenty year sentence of manslaughter prior to parole eligibility and one year nine months and twenty-eight days on his three year sentence for mayhem.
We are of the opinion that § 99-19-83 was not violated since the appellant was *1357 convicted twice previously of felonies which were brought and arose out of separate incidents at different times and was sentenced to and did serve one or more years on each offense, one of which (in this instance both crimes) was a crime of violence. This is true even though the sentences were served consecutively. The statute does not require that the terms served must have an intervening period between them when the defendant is free of confinement.
Appellant's remaining assignments of error are without merit and require no discussion.
Finding no reversible error, the conviction and sentence of appellant is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] His conviction and sentence of death were appealed to this Court. We reversed and remanded establishing procedures for a bifurcated hearing in capital cases. See: Jackson v. State, 337 So.2d 1242 (Miss. 1976).