# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00610-SCT

*JAMES A. BROOKS a/k/a JAMES ANTHONY BROOKS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

**<u>MEMORANDUM/PER CURIAM AFFIRMANCE</u>**

| | |
|---|---|
| DATE OF JUDGMENT: | 5/10/95 |
| TRIAL JUDGE: | HON. MICHAEL EUBANKS |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHN |
| DISTRICT ATTORNEY: | RICHARD L. DOUGLASS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/11/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## <u>STATEMENT OF THE CASE</u>

On January 18, 1988, James Brooks was charged by information with DUI mayhem, and he pleaded guilty to this charge on the same day. Brooks was sentenced to five (5) years imprisonment and ordered to pay $3,000.00 in restitution to the victim injured by his drunken driving. The five-year sentence was suspended, however, upon the condition that Brooks pay the restitution and remain in the State of Mississippi, among other conditions. On June 10, 1988, Brooks was given a 48 hour pass from the restitution center where he was working to earn money to pay his restitution. Contrary to the terms of his probation, Brooks did not return within the required 48 hours, instead absconding to Louisiana. At the time of his disappearance, Brooks still owed $2,206.82 in restitution, which he

made no subsequent effort to pay.

Brooks remained unsupervised by the Mississippi Department of Corrections for almost five years, during which period he was arrested and convicted of numerous charges throughout this State and Louisiana. Brooks was finally arrested for violating his probation in March, 1994 and he was sentenced on March 11 to five years in the state penitentiary for his probation violations. On January 20, 1995, Brooks filed a motion to vacate and set aside his conviction and sentence. This motion was denied, and Brooks timely filed an appeal before this Court.

> **I. The appellant was denied his right to due process when he was coerced into signing a waiver of his Preliminary Probation Revocation Hearing without the benefit of legal counsel.**

Brooks briefly argues in his first point of error that he was "coerced" into signing a waiver of his right to a Preliminary Probation Revocation hearing, but there is no evidence in the record in support of this assertion. Moreover, the trial judge noted in his ruling that Brooks testified at his evidentiary hearing that he did not even know the meaning of the word "coerce". This point of error is without merit and is overruled.

> **II. The appellant was denied his right to the assistance of counsel where he was required to represent himself during the Probation Revocation Hearing.**

Brooks next argues that he had a constitutional right to be represented by counsel at the hearing, but this point of error is similarly without merit. As noted by the State, "a criminal defendant has neither a state nor federal constitutional right to . . . counsel in post-conviction proceedings." *Moore v. State*, 587 So.2d 1193, 1195 (Miss. 1991). The United States Supreme Court has recognized that there may be certain situations where due process may require the assistance of counsel, but these situations arise in cases where the issues are complex and require the assistance of counsel in order to be understood by the defendant. *Gagnon v. Scarpelli*, 411 U.S. 778 (Miss. 1973).

According to the trial judge, Brooks admitted to the Court that he had violated the conditions of his parole, and Brooks does not cite any aspects of his case which are so complex as to require the assistance of counsel. The instant case appears to be a routine one involving a defendant absconding from the custody of the Department of Corrections, and the issues herein do not appear to be at all complex. This point of error is without merit.

> **III. The appellant was never advised of any of the rights he was waiving at his Probation Revocation Hearing.**

> **V. The appellant's right to due process of law was violated when he was denied any opportunity to have witnesses in his behalf present during his Probation Revocation Hearing.**

Brooks argues that he was denied due process by the fact that he was not advised of the rights that he was waiving and that his waiver of these rights was accordingly not knowingly and intelligently made. The State notes that Brooks was facing imprisonment for unrelated crimes and argues that he made a conscious decision to sign the waiver in order to begin serving his time in Parchman.

The judge ruled that:

> [A]s petitioner testified at his evidentiary hearing, the Court asked petitioner prior to the hearing whether he wished to contest the charged probation violations. As described above, petitioner informed the Court that he had committed the violations and had no desire to contest the alleged violations. Had petitioner informed the Court that he wished to proceed to a hearing, the Court would have then advised petitioner of his hearing rights. In the absence of a request for a formal contested hearing, the Court had no duty to inform petitioner of his hearing rights.

The record indicates, and Brooks admits, that he discussed the waiver of his preliminary hearing with the probation officer and that he asked the officer if he could discuss the matter with his family before signing the waiver. The officer agreed, and Brooks signed the waiver the next day following a discussion of the matter with his mother. Brooks argues that:

> In reference to the waiver of preliminary probation revocation hearing, true enough, Officer William Griffin did allow Appellant one day to study the form and discuss the waiver with his mother. However, Appellant's mother is not a legal practitioner nor is the Appellant, so the signing of the waiver was involuntary and not freely and intelligently waived.

Brooks apparently considers the fact that he did not have legal assistance in considering whether to waive his right to a hearing to mean that his waiver of this right was not voluntary. As noted earlier, however, the facts of the case are not particularly complex or difficult, and Brooks accordingly had no right to the advice of counsel under applicable authority. The evidence in the record indicates that Brooks knowingly waived his right to a preliminary revocation hearing, and, therefore, this point of error is overruled.

Brooks also fails to support his argument that he should have been permitted to call witnesses in his behalf. Specifically, Brooks fails to cite to any indication in the record that he requested that he be allowed to call witnesses. The trial judge wrote in his ruling that he would have permitted Brooks to call witnesses on his behalf if he had so requested but that no such request was made. This point of error is without merit.

> **IV. The appellant submits that the trial court did not have jurisdiction over him and the case because the appellant was arrested on several occasions and released without any detainees or warrants being lodged against him, in that appellant was released from custody for a period of five (5) years without any agency searching for him as a fugitive.**

> **VI. The trial court did not have jurisdiction to impose sentence in that appellant had been in custody and had not been released prior to being served or otherwise having his probation revoked.**

Brooks argues that the trial court lacked jurisdiction to impose sentence on him. The maximum period in which a court can maintain jurisdiction over a probationer is five years except in cases of desertion and/or failure to pay child support. See: Miss. Code Ann. § 47-7-37 (1993). Brooks was placed on probation for five years beginning January 22, 1988, and he appears to assert that this time period had run by the time he was arrested for parole violations in March, 1994.

As noted by the State, however, an affidavit to revoke probation was filed on June 15, 1988 and the trial judge issued a warrant for the arrest of Brooks that same day. The State argues that this filing was sufficient to toll the running of the five-year period. This Court held in *Jackson v. State*, 483 So.2d 1353, 1356 (Miss. 1986) that the filing of a petition for revocation of probation was sufficient to toll the running of the five-year probation period, and a similar result is appropriate in the present case. Furthermore, Brooks does not challenge the validity of the arrest warrant, but, rather, the timeliness of its execution.

The only issue raised in the present case which gives some concern is the fact that Brooks was arrested on several occasions between June, 1988 and March, 1994, but his probation was not formally revoked until 1994. The trial judge noted in his ruling that none of these arrests occurred in Marion County and he thus concluded that the failure to revoke his probation prior to 1994 can not be blamed on the Marion County sheriff. It nevertheless appears, however, that someone in law enforcement should have noticed the outstanding NCIC warrant prior to 1994 and it thus appears that the delay in revoking the probation was due in part to negligence on the part of law enforcement.

Brooks does not demonstrate any prejudice to his legal rights by virtue of the delay in the revocation of his probation, especially considering that he was facing imminent incarceration for his other crimes. Therefore, the ruling of the trial judge is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. SULLIVAN, P.J., CONCURS IN RESULT ONLY.**