# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00532-SCT

*DAVID E. HESTER a/k/a DAVID EARL HESTER*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 5/13/1999 |
| MOTION FOR REHEARING FILED: | 11/19/97 |
| MANDATE ISSUED: | 5/20/99 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

¶1. On November 6, 1997, this Court issued an unpublished opinion from which the Appellant filed the instant Motion for Rehearing. The Motion for Rehearing is hereby denied. The original opinion is withdrawn, and this opinion substituted therefor.

## I. STATEMENT OF THE CASE

¶2. Appellant David Hester was granted a travel permit for employment purposes in Rosedale, Mississippi for the period between February 7 and March 6, 1992. Hester had originally been convicted and imprisoned in this State, but he was on parole in Missouri pursuant to an interstate compact. Hester failed to report as directed to Rosedale, and he did not return to Missouri or contact his parole officer by March 6 as required under the permit. Following Hester's disappearance, the parole board conducted a preliminary revocation hearing and found that there was sufficient reasonable cause for a formal revocation hearing to be held.

¶3. Hester was arrested in Georgia on May 14, 1995. He signed a waiver of extradition and was returned to this State. A parole revocation hearing was held on June 9, 1995, at which time Hester's parole was revoked for an additional eighteen months for failing to report. The trial court denied Hester's Motion to Show Cause, and Hester timely filed an appeal before this Court.

## II. ISSUES

**A. Whether the appellant is being held unconstitutionally and illegally pursuant to statute and case law, federal and state.**

**B. Whether the appellant was subjected to a board that did not perform their duties.**

**C. Whether the trial court erred in failing to conduct an evidentiary hearing in regard to appellant's well pleaded facts and claims.**

¶4. Hester's primary complaint in the present case is that no investigation was conducted into his status in Missouri as, he asserts, was promised to him prior to his agreeing to a waiver of the five-day waiting period for his revocation hearing. The trial judge ruled that:

> Inmate Hester complains that his parole was revoked without just cause. Mr. Hester signed a waiver of the five day waiting period and his hearing was held immediately. He makes several allegations why his parole should not have been revoked and also complains that hearing officer Bond represented that she would make certain inquiries about his standing in the State of Missouri. This may very well have been the case and the allegations he makes may indeed be invalid reasons to revoke his parole. It is, however not necessary to address either complaint because Hester admitted in his petition that he went to the State of Georgia. He has no permission or right to go to Georgia and this fact alone is just and ample grounds to revoke his parole. This court finds that Hester's complaints are without merit.

¶5. Hester responds in his brief that "the Trial Court seriously erred, in that Appellant's sentence has expired. The Trial Court also seriously erred, in that Appellant's petition showed he was not on parole at that time." This argument is without merit. It is true that Hester's original parole period expired on February 27, 1995, and Hester was not arrested in Georgia until May 14, 1995. The fact remains, however, that Hester violated the terms of his earlier travel permit in 1992 and proceedings were initiated for the revocation of his parole. In the similar context of probation revocation, this Court has held that a similar hearing was sufficient to toll the running of the applicable period. Specifically, this Court held in *Jackson v. State*, 483 So.2d 1353 (Miss. 1986) that:

> Court records show that a petition for revocation of probation was filed . . . approximately eleven (11) days prior to the expiration of the probationary period. We hold that this tolled the running of the five (5) year period, and since the petition was filed prior to the end of the probationary period and the lower court acted on the petition within a reasonable time (13 days) that the revocation of probation and sentence of three (3) years was lawful. If this were not the law, then a probationer who violates his probation on the last day of the five (5) year period would have to be caught and given a hearing that day or his probation could not be revoked. Such reasoning would be absurd and is not the law.

*Jackson*, 483 So.2d at 1356. This Court concludes that a similar result should be reached in the present case.

¶6. Hester complains that he was not given an evidentiary hearing, at which, he contends, he would have established that his parole was wrongfully revoked. The United States Supreme Court has established minimum due process requirements for parole revocation proceedings. The U.S. Supreme Court noted in *Morrissey v. Brewer*, 408 U.S. 471, 484 (1972) that:

> Given these factors, most States have recognized that there is no interest on the part of the State in revoking parole without any procedural guarantees at all. What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.

This Court noted in *Riely v. State*, 562 So.2d 1206 (Miss. 1990) that both the preliminary and final parole revocation hearings must give the parolee the opportunity to present witnesses on his behalf. *Riely*, 562 So.2d at 1210.

¶7. As noted earlier, however, Hester waived the five-day waiting period and the revocation hearing was held immediately. Hester's complaint is that his waiver of said period was conditional upon an investigation being conducted by the parole officer, and he asserts that such an investigation was never conducted. Hester does not cite to any evidence in the record that no investigation was conducted, however, and he would apparently have this Court accept his assurance in this regard. It is incumbent upon Hester to establish a factual basis in the record to support his assertions, however, and he consistently fails to do so with regard to virtually all of his arguments in the present appeal.

¶8. Hester further argues that he did not violate the terms of his parole as found by the parole board:

> Appellant did not violate parole in 1992, therefore, and evidentiary hearing was in order by laws at bar. . . . Appellant submit, no warrant has ever been issued for his person, and it is no evidence to this hypothesis, (b)y the state. . . . The preliminary revocation hearing report disposition sheet, in this case, is based on false information and could have been proved in court. Appellee would submit that as stated in *Morrissey v. Brewer*, appellant was given proper notice a hearing, and an opportunity to be heard. But as stated in *Morrissey*, supra, what is needed is an informal hearing structured to ensure that the finding of a parole violation will be based on verified facts. Verified facts can not come from false information.

Once again, Hester fails to support his allegations that he did not violate his parole with any indications to that effect in the record. Hester does not even attempt to explain what he was doing in the years during which he apparently did not report to his parole officers at all.

¶9. Hester submits that he has diligently tried to obtain an affidavit from Mayor Trice of Rosedale that he had never worked for him. Hester does include within the record a letter from Mayor Trice, but said letter contains little more than the vague assertion from Mayor Trice that "I will be in Jackson next week. I think I will have things in hand to discuss with the power to be in a more positive fashion. Just hold out until we get there." In spite of this apparent assurance of helpful information, Hester did not include within the record any actual evidence or affidavit from Mayor Trice which might aid his defense.

¶10. The dissent raises an issue not raised by Hester, arguing that the present case should be remanded for

a hearing due to the absence of non-hearsay evidence in the record that an arrest warrant had in fact been issued. However, it is clearly Hester's responsibility, rather than that of the State, to establish error in the record, and he has failed to do so. The disposition sheet in the record indicates that an arrest warrant was in fact issued on May 19, 1992, thus tolling the expiration of the parole revocation period under **Jackson.**

¶11. If the disposition sheet appeared to be of questionable validity, or if the notation therein were somehow contradicted by other evidence in the record, then there might be a basis for this Court to remand for a hearing, in spite of the fact that Hester has not raised any arguments in this regard. As it stands, however, there is no reason to doubt the accuracy of the notation on the disposition sheet, and it would be improper for this Court to remand based on speculation. The record in the present case is certainly not as comprehensive as might be hoped for, but, this fact alone constitutes no basis for a reversal of the trial court's ruling. On appeal, it is Hester's burden to show reversible error in the record, and he has failed to do so. This Court concludes that Hester's appeal is without merit, and the trial court's order is accordingly affirmed.

¶12. **AFFIRMED.**

**PITTMAN, P.J., SMITH, MILLS AND COBB, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J. WALLER, J., NOT PARTICIPATING.**

**BANKS, JUSTICE, DISSENTING TO THE DENIAL OF THE MOTION FOR REHEARING:**

¶13. This case is before the Court on appeal from a circuit court's dismissal of appellant David E. Hester's motion for post-conviction relief. In an unpublished opinion in **Hester v. State**, 703 So. 2d 861 (Miss. Nov. 6, 1997) (table), we affirmed the trial court's order. Hester has moved for rehearing. In my view, we erred, and this case should be reversed and remanded for an evidentiary hearing concerning the validity of the revocation of Hester's parole. Hester was denied relief on his petition without a hearing on the issue raised therein. Thus what the majority says about what the record does or does not reflect is simply inapposite. Hester was not given the opportunity to make a record. What, and all, I say here is that Hester deserves a hearing on his petition because it raises a serious legal issue. Therefore, I respectfully dissent from the denial of the motion of rehearing

**I.**

¶14. Hester had originally been convicted and imprisoned in Mississippi, but was on parole in Missouri pursuant to an interstate compact. He was granted a travel permit for employment purposes in Rosedale, Mississippi, for the period between February 7 and March 6, 1992. Hester failed to report as directed to Rosedale, and he did not return to Missouri or contact his parole officer by March 6 as required by the permit. Following Hester's disappearance, the parole board conducted a preliminary revocation hearing and

found that there was sufficient reasonable cause for a formal revocation hearing to be held.

¶15. Hester was arrested in Georgia on May 14, 1995. He signed a waiver of extradition and was returned to Mississippi. A parole revocation hearing was held on June 9, 1995, at which time Hester's parole was revoked for an additional eighteen months for failing to report. On May 22, 1996, Hester filed a Petition for Order to Show Cause pursuant to § 99-39-5(1)(g), alleging that his parole was unlawfully revoked. *See* Miss. Code Ann. § 99-39-5 (1)(g) (Supp. 1998). The trial court dismissed Hester's petition on May 23, 1996, and Hester thereafter filed his notice of appeal.

## II.

¶16. Hester claims that his parole was unlawfully revoked since he was discharged from parole on February 27, 1995, yet was not arrested in Georgia until May 14, 1995. He argues, in effect, that there is no basis for the revocation of his parole since no arrest warrant was outstanding at the time of his arrest and that no proceedings were instituted prior to the expiration of his parole. The trial judge ruled that:

> Inmate Hester complains that his parole was revoked without just cause. Mr. Hester signed a waiver of the five day waiting period and his hearing was held immediately. He makes several allegations why his parole should not have been revoked and also complains that hearing officer Bond represented that she would make certain inquiries about his standing in the State of Missouri. This may very well have been the case and the allegations he makes may indeed be invalid reasons to revoke his parole. It is, however not necessary to address either complaint because Hester admitted in his petition that he went to the State of Georgia. He had no permission nor right to go to Georgia and this fact alone is just and ample grounds to revoke his parole. The court finds that Hester's complaints are without merit.

Thus, the trial court made no ruling on whether revocation proceedings had been initiated or a warrant issued for Hester's arrest before his parole period expired. It found only that Hester's traveling to Georgia without permission was a violation of his conditions, and that his admission of this was sufficient to revoke his parole.

¶17. In the similar context of probation revocation, this Court has held that proceedings initiated before the expiration of probation tolls the running of the probationary period. *Jackson v. State,* 483 So. 2d 1353 (Miss. 1986). The petitioner in that case argued that his probation was revoked two days after his probationary period expired in violation of then applicable Miss. Code Ann. § 47-7-37 (Supp.1984). We stated:

> Court records show that a petition for revocation of probation was filed January 13, 1977, approximately eleven (11) days prior to the expiration of the probationary period. We hold that this tolled the running of the five (5) year period, and since the petition was filed prior to the end of the probationary period and the lower court acted on the petition within a reasonable time (13 days) that the revocation of probation and sentence of three (3) years was lawful. . . .

483 So. 2d at 1356.

¶18. The present case is distinguishable from *Jackson* because the State has made no showing that revocation proceedings were instituted or an arrest warrant issued prior to February 27, 1995, the expiration of Hester's parole period. The State's original brief cites a "disposition sheet," which was

prepared subsequent to Hester's arrest, as evidence that a warrant was issued on May 19, 1992. The warrant itself, however, does not appear in the record. Since this mere reference to the warrant in the disposition sheet is hearsay to which Hester is not bound, nothing in the record establishes the issuance of a warrant before the expiration of his parole period.[1]

¶19. The State suggests that Hester bears the burden of proving error in the revocation of parole. On the contrary, the State bears the burden in parole revocation proceedings: "[b]efore one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole." *Alexander v. State,* 667 So. 2d 1, 4-5 (Miss. 1995) (quoting *Moore v. State,* 587 So. 2d 1193, 1196 (Miss. 1991)); Miss. Code Ann. § 47-7-27 (Supp. 1998). In addition to proving that the conduct for which parole is to be revoked occurred, the State's burden includes a showing that proceedings were instituted to revoke parole or a warrant was issued *during the time Hester was on parole*.

¶20. Here we are only concerned with whether proceedings to revoke parole were instituted or a warrant issued prior to the expiration of parole. On the record before the Court we cannot make this finding. The circuit court assumed that the parole board still had the power to revoke, **conducted no hearing**, and, apparently, did not obtain the full record of the parole board. It based its decision solely on the fact that the petition admitted that Hester went to Georgia without permission. That is not enough.

¶21. Accordingly, I would reverse the circuit court's order and remand this case to the trial court for an evidentiary hearing to determine the validity of the revocation of Hester's parole.

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**

1. The State takes comfort in the fact that the disposition sheet is the same document on which Hester relies to establish his discharge date. There is a difference, however, between statements in documents which are admissions and those which are self-serving. The State has admitted that the discharge date is accurate. It cannot "admit" to the self-serving statement concerning the date the warrant was issued.