*230
ON MOTION FOR REHEARING

PRATHER, Chief Justice,
for the Court:
¶ 1. On November 6, 1997, this Court issued an unpublished opinion from which the Appellant filed the instant Motion for Rehearing. The Motion for Rehearing is hereby denied. The original opinion is withdrawn, and this opinion substituted therefor.
I. STATEMENT OF THE CASE
¶ 2. Appellant David Hester was granted a travel permit for employment purposes in Rosedale, Mississippi for the period between February 7 and March 6, 1992. Hester had originally been convicted and imprisoned in this State, but he was on parole in Missouri pursuant to an interstate compact. Hester failed to report as directed to Rosedale, and he did not return to Missouri or contact his parole officer by March 6 as required under the permit. Following Hester’s disappearance, the parole board conducted a preliminary revocation hearing and found that there was sufficient reasonable cause for a formal revocation hearing to be held.
¶ 3. Hester was arrested in Georgia on May 14, 1995. He signed a waiver of extradition and was returned to this State. A parole revocation hearing was held on June 9, 1995, at which time Hester’s parole was revoked for an additional eighteen months for failing to report. The trial court denied Hester’s Motion to Show Cause, and Hester timely filed an appeal before this Court.
II. ISSUES
A. Whether the appellant is being held unconstitutionally and illegally pursuant to statute and case law, federal and state.
B. Whether the appellant was subjected to a board that did not perform their duties.
C. Whether the trial court erred in failing to conduct an evidentiary hearing in regard to appellant’s well pleaded facts and claims.
¶4. Hester’s primary complaint in the present case is that no investigation was conducted into his status in Missouri as, he asserts, was promised to him prior to his agreeing to a waiver of the five-day waiting period for his revocation hearing. The trial judge ruled that:
Inmate Hester complains that his parole was revoked without just cause. Mr. Hester signed a waiver of the five day waiting period and his hearing was held immediately. He makes several allegations why his parole should not have been revoked and also complains that hearing officer Bond represented that she would make certain inquiries about his standing in the State of Missouri. This may very well have been the case and the allegations he makes may indeed be invalid reasons to revoke his parole. It is, however not necessary to address either complaint because Hester admitted in his petition that he went to the State of Georgia. He has no permission or right to go to Georgia and this fact alone is just and ample grounds to revoke his parole. This court finds that Hester’s complaints are without merit.
¶ 5. Hester responds in his brief that “the Trial Court seriously erred, in that Appellant’s sentence has expired. The Trial Court also seriously erred, in that Appellant’s petition showed he was not on parole at that time.” This argument is without merit. It is true that Hester’s original parole period expired on February 27, 1995, and Hester was not arrested in Georgia until May 14, 1995. The fact remains, however, that Hester violated the terms of his earlier travel permit in 1992 and proceedings were initiated for the revocation of his parole. In the similar context of probation revocation, this Court has held that a similar hearing was sufficient to toll the running of the applicable period. Specifically, this Court *231 held in Jackson v. State, 483 So.2d 1353 (Miss.1986) that:
Court records show that a petition for revocation of probation was filed ... approximately eleven (11) days prior to the expiration of the probationary period. We hold that this tolled the running of the five (5) year period, and since the petition was filed prior to the end of the probationary period and the lower court acted on the petition within a reasonable time (13 days) that the revocation of probation and sentence of three (3) years was lawful. If this were not the law, then a probationer who violates his probation on the last day of the five (5) year period would have to be caught and given a hearing that day or his probation could not be revoked. Such reasoning would be absurd and is not the law.
Jackson, 483 So.2d at 1356. This Court concludes that a similar result should be reached in the present case.
¶ 6. Hester complains that he was not given an evidentiary hearing, at which, he contends, he would have established that his parole was wrongfully revoked. The United States Supreme Court has established minimum due process requirements for parole revocation proceedings. The U.S. Supreme Court noted in Morrissey v. Brewer, 408 U.S. 471, 484, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) that:
Given these factors, most States have recognized that there is no interest on the part of the State in revoking parole without any procedural guarantees at all. What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee’s behavior.
This Court noted in Riely v. State, 562 So.2d 1206 (Miss.1990) that both the preliminary and final parole revocation hearings must give the parolee the opportunity to present witnesses on his behalf. Riely, 562 So.2d at 1210.
¶ 7. As noted earlier, however, Hester waived the five-day waiting period and the revocation hearing was held immediately. Hester’s complaint is that his waiver of said period was conditional upon an investigation being conducted by the parole officer, and he asserts that such an investigation was never conducted. Hester does not cite to any evidence in the record that no investigation was conducted, however, and he would apparently have this Court accept his assurance in this regard. It is incumbent upon Hester to establish a factual basis in the record to support his assertions, however, and he consistently fails to do so with regard to virtually all of his arguments in the present appeal.
¶ 8. Hester further argues that he did not violate the terms of his parole as found by the parole board:
Appellant did not violate parole in 1992, therefore, and evidentiary hearing was in order by laws at bar.... Appellant submit, no warrant has ever been issued for his person, and it is no evidence to this hypothesis, (b)y the state.... The preliminary revocation hearing report disposition sheet, in this case, is based on false information and could have been proved in court. Appellee would submit that as stated in Morrissey v. Brewer, appellant was given proper notice a hearing, and an opportunity to be heard. But as stated in Morrissey, supra, what is needed is an informal hearing structured to ensure that the finding of a parole violation will be based on verified facts. Verified facts can not come from false information.
Once again, Hester fails to support his allegations that he did not violate his parole with any indications to that effect in the record. Hester does not even attempt to explain what he was doing in the years during which he apparently did not report to his parole officers at all.
¶ 9. Hester submits that he has diligently tried to obtain an affidavit from Mayor *232 Trice of Rosedale that he had never worked for him. Hester does include within the record a letter from Mayor Trice, but said letter contains little more than the vague assertion from Mayor Trice that “I will be in Jackson next week. I think I will have things in hand to discuss with the power to be in a more positive fashion. Just hold out until we get there.” In spite of this apparent assurance of helpful information, Hester did not include within the record any actual evidence or affidavit from Mayor Trice which might aid his defense.
¶ 10. The dissent raises an issue not raised by Hester, arguing that the present case should be remanded for a hearing due to the absence of non-hearsay evidence in the record that an arrest warrant had in fact been issued. However, it is clearly Hester’s responsibility, rather than that of the State, to establish error in the record, and he has failed to do so. The disposition sheet in the record indicates that an arrest warrant was in fact issued on May 19, 1992, thus tolling the expiration of the parole revocation period under Jackson.
¶ 11. If the disposition sheet appeared to be of questionable validity, or if the notation therein were somehow contradicted by other evidence in the record, then there might be a basis for this Court to remand for a hearing, in spite of the fact that Hester has not raised any arguments in this regard. As it stands, however, there is no reason to doubt the accuracy of the notation on the disposition sheet, and it would be improper for this Court to remand based on speculation. The record in the present case is certainly not as comprehensive as might be hoped for, but, this fact alone constitutes no basis for a reversal of the trial court’s ruling. On appeal, it is Hester’s burden to show reversible error in the record, and he has failed to do so. This Court concludes that Hester’s appeal is without merit, and the trial court’s order is accordingly affirmed.
¶ 12. AFFIRMED.
PITTMAN, P.J., SMITH, MILLS AND COBB, JJ„ CONCUR.
BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J.
WALLER, J., NOT PARTICIPATING.