BANKS, Justice,
DISSENTING TO THE DENIAL OF THE MOTION FOR REHEARING:
¶ 13. This case is before the Court on appeal from a circuit court’s dismissal of appellant David E. Hester’s motion for post-conviction relief. In an unpublished opinion in Hester v. State, 703 So.2d 861 (Miss. Nov.6,1997) (table), we affirmed the trial court’s order. Hester has moved for rehearing. In my view, we erred, and this case should be reversed and remanded for an evidentiary hearing concerning the validity of the revocation of Hester’s parole. Hester was denied relief on his petition without a hearing on the issue raised therein. Thus what the majority says about what the record does or does not reflect is simply inapposite. Hester was not given the opportunity to make a record. What, and all, I say here is that Hester deserves a hearing on his petition because it raises a serious legal issue. Therefore, I respectfully dissent from the denial of the motion of rehearing
I.
¶ 14. Hester had originally been convicted and imprisoned in Mississippi, but was on parole in Missouri pursuant to an interstate compact. He was granted a travel permit for employment purposes in Rose-dale, Mississippi, for the period between February 7 and March 6, 1992. Hester failed to report as directed to Rosedale, and he did not return to Missouri or contact his parole officer by March 6 as required by the permit. Following Hester’s disappearance, the parole board conducted a preliminary revocation hearing and found that there was sufficient reasonable *233 cause for a formal revocation hearing to be held.
¶ 15. Hester was arrested in Georgia on May 14, 1995. He signed a waiver of extradition and was returned to Mississippi. A parole revocation hearing was held on June 9, 1995, at which time Hester’s parole was revoked for an additional eighteen months for failing to report. On May 22, 1996, Hester filed a Petition for Order to Show Cause pursuant to § 99 — 39— 5(l)(g), alleging that his parole was unlawfully revoked. See Miss.Code Ann. § 99-39 — 5(l)(g) (Supp.1998). The trial court dismissed Hester’s petition on May 23, 1996, and Hester thereafter filed his notice of appeal.
II.
¶ 16. Hester claims that his parole was unlawfully revoked since he was discharged from parole on February 27,1995, yet was not arrested in Georgia until May 14, 1995. He argues, in effect, that there is no basis for the revocation of his parole since no arrest warrant was outstanding at the time of his arrest and that no proceedings were instituted prior to the expiration of his parole. The trial judge ruled that:
Inmate Hester complains that his parole was revoked without just cause. Mr. Hester signed a waiver of the five day waiting period and his hearing was held immediately. He makes several allegations why his parole should not have been revoked and also complains that hearing officer Bond represented that she would make certain inquiries about his standing in the State of Missouri. This may very well have been the case and the allegations he makes may indeed be invalid reasons to revoke his parole. It is, however not necessary to address either complaint because Hester admitted in his petition that he went to the State of Georgia. He had no permission nor right to go to Georgia and this fact alone is just and ample grounds to revoke his parole. The court finds that Hester’s complaints are without merit.
Thus, the trial court made no ruling on whether revocation proceedings had been initiated or a warrant issued for Hester’s arrest before his parole period expired. It found only that Hester’s traveling to Georgia without permission was a violation of his conditions, and that his admission of this was sufficient to revoke his parole.
¶ 17. In the similar context of probation revocation, this Court has held that proceedings initiated before the expiration of probation tolls the running of the probationary period. Jackson v. State, 483 So.2d 1353 (Miss.1986). The petitioner in that case argued that his probation was revoked two days after his probationary period expired in violation of then applicable Miss.Code Ann. § 47-7-37 (Supp.1984). We stated:
Court records show that a petition for revocation of probation was filed January 13, 1977, approximately eleven (11) days prior to the expiration of the probationary period. We hold that this tolled the running of the five (5) • year period, and since the petition was filed prior to the end of the probationary period and the lower court acted on the petition within a reasonable time (13 days) that the revocation of probation and sentence of three (3) years was lawful....
483 So.2d at 1356.
¶ 18. The present case is distinguishable from Jackson because the State has made no showing that revocation proceedings were instituted or an arrest warrant issued prior to February 27, 1995, the expiration of Hester’s parole period. The State’s original brief cites a “disposition sheet,” which was prepared subsequent to Hester’s arrest, as evidence that a warrant was issued on May 19, 1992. The warrant itself, however, does not appear in the record. Since this mere reference to the warrant in the disposition sheet is hearsay to which Hester is not bound, nothing in the record establishes the issuance of a *234 warrant before the expiration of his parole period.[1]
¶ 19. The State suggests that Hester bears the burden of proving error in the revocation of parole. On the contrary, the State bears the burden in parole revocation proceedings: “[b]efore one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole.” Alexander v. State, 667 So.2d 1, 4-5 (Miss.1995) (quoting Moore v. State, 587 So.2d 1193, 1196 (Miss.1991)); Miss.Code Ann. § 47-7-27 (Supp.1998). In addition to proving that the conduct for which parole is to be revoked occurred, the State’s burden includes a showing that proceedings were instituted to revoke parole or a warrant was issued during the time Hester was on parole.
¶ 20. Here we are only concerned with whether proceedings to revoke parole were instituted or a warrant issued prior to the expiration of parole. On the record before the Court we cannot make this finding. The circuit court assumed that the parole board still had the power to revoke, conducted no hearing, and, apparently, did not obtain the full record of the parole board. It based its decision solely on the fact that the petition admitted that Hester went to Georgia without permission. That is not enough.
¶ 21. Accordingly, I would reverse the circuit court’s order and remand this case to the trial court for an evidentiary hearing to determine the validity of the revocation of Hester’s parole.
SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.

. The State takes comfort in the fact that the disposition sheet is the same document on which Hester relies to establish his discharge date. There is a difference, however, between statements in documents which are admissions and those which are self-serving. The State has admitted that the discharge date is accurate. It cannot “admit” to the self-serving statement concerning the date the warrant was issued.