LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. On February 18, 2009, a jury in the Choctaw County Circuit Court found Ottis J. Cummings, Jr., guilty of felony driving under the influence (DUI). After a separate sentencing hearing, Cummings was found to be a habitual offender and sentenced to life without eligibility for parole or probation in the custody of the Mississippi Department of Corrections. Cummings filed post-trial motions, which were denied. Cummings now appeals, asserting the following issues: (1) his sentence is disproportionate to the crime and constitutes cruel and unusual punishment; and (2) the verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. John Marolt, a Mississippi State Highway Patrol officer, was running radar on Highway 15 in Choctaw County, Mississippi. At approximately 9:30 p.m., Officer Marolt clocked a van driving at a speed of eighty miles per hour in a fifty-five mile-per-hour zone. Officer Marolt turned on his lights and pursued the van for approximately two miles, reaching a speed in excess of one hundred miles per hour. Officer Marolt testified that the van swerved off the right side of the road, then crossed back over the road before coming to rest in a driveway. Officer Marolt approached the vehicle and noticed the driver, Cummings, slumped over the wheel with his forehead resting on the steering wheel. Officer Marolt testified that he immediately smelled alcohol. As Officer Marolt began to question Cummings, he noticed that Cummings’s speech was slurred, his pupils were dilated, and his eyes were red. Cummings told Officer Marolt that he had been drinking, but he had only had approximately one-fourth of a thirty-two ounce beer. This unfinished beer was located in Cummings’s van on the driver’s side floorboard. Officer Marolt asked Cummings to step out of the van. Officer Marolt testified that Cummings stumbled as he exited the van. Officer Marolt grabbed Cummings’s arm to offer support and then placed Cummings in custody. Officer Marolt testified that Cummings was uncooperative and argumentative during this process. Cummings was taken to jail, where he refused to take the Intoxi-lyzer test.
 

 ¶ 3. Cummings testified that he had been working on a car from four that afternoon until ten o’clock that night. Cummings stated that grit had fallen in his
 
 *861
 
 eyes, making them irritated, and that he started to drink the beer on his way home, but he decided not to finish it. Cummings also stated that he took approximately forty-five medications because he was HIV positive. Cummings testified that Officer Marolt jerked him out of the van and placed him in handcuffs. Cummings said he was only driving sixty miles per hour.
 

 DISCUSSION
 

 I. SENTENCE
 

 ¶ 4. In his first issue on appeal, Cummings asserts that his sentence was disproportionate to the crime and constitutes cruel and unusual punishment. As a general rule, a sentence that does not exceed the maximum period of time allowed by statute will not be disturbed on appeal.
 
 Wallace v. State,
 
 607 So.2d 1184, 1188 (Miss.1992). A sentence that is “grossly disproportionate” to the crime committed is subject to attack on Eighth Amendment grounds applying the proportionality test from
 
 Solan v. Helm,
 
 463 U.S. 277, 290-91, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983);
 
 but see Harmelin v. Michigan,
 
 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (the
 
 Solem
 
 test should only apply when a comparison of the crime to the sentence leads to an inference of gross dispropor-tionality).
 

 ¶ 5. Cummings’s life sentence complies with Mississippi Code Annotated section 99-19-83 (Rev.2007), which provides:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Our supreme court has consistently held that sentences under the habitual-offender statute do not constitute cruel and unusual punishment.
 
 Huntley v. State,
 
 524 So.2d 572, 575 (Miss.1988);
 
 Jackson v. State,
 
 483 So.2d 1353, 1355 (Miss.1986);
 
 Baker v. State,
 
 394 So.2d 1376, 1378-79 (Miss.1981).
 

 ¶ 6. The indictment charging Cummings as a habitual offender listed previous convictions of burglary of a dwelling, aggravated assault, and felony DUI. During the sentencing hearing, the trial judge was notified that Cummings had other convictions, including one for a jail escape and two other felony DUIs. One of these felony DUIs included three counts on that particular charge. In total, Cummings had been convicted of five prior felony DUIs. In light of the gravity of Cummings’s current offense and his prior offenses, the trial judge’s imposition of a life sentence does not give rise to an inference of gross dis-proportionality; thus, we do not proceed with an Eighth Amendment proportionality analysis. This issue is without merit.
 

 II. OVERWHELMING WEIGHT OF THE EVIDENCE
 

 ¶ 7. In his other issue on appeal, Cummings argues that his conviction is against the overwhelming weight of the evidence. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005). When reviewing the weight
 
 *862
 
 of the evidence, this Court sits as a “thirteenth juror.”
 
 Id.
 

 ¶ 8. Cummings cites to the following in support of his argument: only one, almost full beer can was found in his car; the number of pills he was taking could have caused an effect similar to that of being under the influence; and there was no proof, other than Officer Marolt’s testimony, that he had been drinking.
 

 ¶ 9. Although Cummings refused to take the Intoxilyzer, we find that there was evidence to support the guilty verdict. Officer Marolt testified to the following: he witnessed a van speed past his position; the van swerved across the highway; the driver was slumped over the wheel, with his forehead resting on the steering wheel; he immediately smelled alcohol; Cummings’s speech was slurred; Cummings’s pupils were dilated, and his eyes were red; Cummings admitted that he had been drinking; Cummings stumbled while exiting the van; Cummings refused the Intoxi-lyzer test; and Cummings’s demeanor was uncooperative and argumentative. We are also unpersuaded by Cummings’s assertion that his pills could have affected him similarly. Even Cummings admitted that the effect of the pills on him was unknown.
 

 ¶ 10. Sitting as a “thirteenth juror,” we find that the verdict is not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. This issue is without merit.
 

 ¶11. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.