Serial: 232083

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2017-M-01424

*OTTIS J. CUMMINGS JR. A/K/A OTTIS JUNIOR CUMMINGS A/K/A OTIS CUMMINGS A/K/A OTTIS J. COMMINGS A/K/A OTIS J. CUMMINGS*

**FILED**

AUG 20 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

*Petitioner*

*v.*

*STATE OF MISSISSIPPI*

*Respondent*

## EN BANC ORDER

Before the Court is the Application for Leave to Proceed in the Trial Court filed by Ottis J. Cummings Jr.

In 2009, Cummings was convicted of felony driving under the influence and sentenced as a habitual offender to life in prison. *Cummings v. State*, 29 So. 3d 859, 860 (Miss. Ct. App. 2010). The Court of Appeals affirmed, *id.*, and the mandate issued on April 5, 2010.

Since then, Cummings has filed four applications concerning this conviction and sentence. Order, *Cummings v. State*, No. 2017-M-01424 (Miss. Dec. 6, 2018) (dismissed and warned of sanctions, including restrictions on *in forma pauperis* status); Order, *Cummings v. State*, No. 2017-M-01424 (Miss. Jan. 18, 2018) (denied); Order, *Cummings v. State*, No. 2010-M-00800 (Miss. Jan. 14, 2015) (dismissed and warned of sanctions); Order, *Cummings v. State*, No. 2010-M-00800 (Miss. July 15, 2010) (denied).

Here, he argues that his indictment was defective in four ways: (1) it was not submitted to the grand jury—only the grand jury foreman ratified it; (2) the foreman's affidavit was not attached to it; (3) it omitted the county and judicial district; and (4) it lacked specificity. As a result, he argues that his sentence is illegal.

Although an illegal-sentence claim is an exception to the time, waiver, and successive-writ bars, *Rowland v. State*, 98 So. 3d 1032, 1035–36 (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22 (Miss. 2016), a defective-indictment claim—which is the basis for Cummings's illegal-sentence claim—does not meet any recognized exception to the bars. *Chapman v. State*, 167 So. 3d 1170, 1174–75 (Miss. 2015); *Smith v. State*, 149 So. 3d 1027, 1031 (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017); *Bell v. State*, 123 So. 3d 924, 925 (Miss. 2013); *Rowland*, 98 So. 3d at 1035–36; *see also Brown v. State*, 187 So. 3d 667, 671 (Miss. Ct. App. 2016); *Boyd v. State*, 155 So. 3d 914, 918 (Miss. Ct. App. 2014); *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996). And even if it did, the claim must have some arguable basis to merit waiving the bars. *Means v. State*, 43 So. 3d 438, 442 (Miss. 2010).

After due consideration, we find that Cummings's defective-indictment claim neither meets any recognized exception to the procedural bars nor has any arguable basis. Consequently, his illegal-sentence claim is insufficient to surmount the procedural bars.

In its order dismissing Cummings's last application, the Court warned that "future filings deemed frivolous may result not only in monetary sanctions, but also restrictions on

filing applications for post-conviction relief (or pleadings in that nature) *in forma pauperis*."

Order, ***Cummings v. State***, No. 2017-M-01424, at 3 (Miss. Dec. 6, 2018) (citing En Banc Order, ***Dunn v. State***, No. 2016-M-01514 (Miss. Nov. 15, 2018)). We find that this application is frivolous and that sanctions are merited.

IT IS, THEREFORE, ORDERED that the Application for Leave to Proceed in the Trial Court is denied.

IT IS FURTHER ORDERED that Cummings is hereby restricted from filing further applications for post-conviction collateral relief (or pleadings in that nature) that are related to this conviction and sentence *in forma pauperis*. The Clerk of this Court shall not accept for filing any further applications for post-conviction collateral relief (or pleadings in that nature) from Cummings that are related to this conviction and sentence unless he pays the applicable docket fee.

SO ORDERED, this the ___ day of August, 2020.

JOSIAH DENNIS COLEMAN, JUSTICE
FOR THE COURT

TO DENY WITH SANCTIONS: RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ.

TO DENY: KITCHENS AND KING, P.JJ.

KITCHENS, P.J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT JOINED BY KING, P.J.

KING, P.J., OBJECTS TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT JOINED BY KITCHENS, P.J.

3

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2017-M-01424

*OTTIS J. CUMMINGS, JR. A/K/A OTTIS*
*JUNIOR CUMMINGS A/K/A OTIS*
*CUMMINGS A/K/A OTTIS J.*
*COMMINGS A/K/A OTIS J. CUMMINGS*

*v.*

*STATE OF MISSISSIPPI*

**KITCHENS, PRESIDING JUSTICE, OBJECTING TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT:**

¶1. The majority writes that a defective indictment claim meets no exception to the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Yet we have held that "a challenge to an indictment for failure to charge the essential elements of a criminal offense affects a fundamental right . . . ." *Carson v. State*, 212 So. 3d 22, 31 (Miss. 2016) (internal quotation mark omitted) (quoting *Ross v. State*, 954 So. 2d 968, 1015 (Miss. 2007)). I would find that such a challenge may be excepted from the procedural bars of the UPCCRA. But because Cummings does not challenge his indictment on the ground that it failed to charge the essential elements of a crime and because his claims have no arguable basis, I agree that his application should be denied. Like Presiding Justice King, whose separate statement I join, I would not sanction Cummings by depriving him of access to the courts in violation of his fundamental rights.

**KING, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**

4

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2017-M-01424

*OTTIS J. CUMMINGS, JR. A/K/A OTTIS*
*JUNIOR CUMMINGS A/K/A OTIS*
*CUMMINGS A/K/A OTTIS J.*
*COMMINGS A/K/A OTIS J. CUMMINGS*

*v.*

*STATE OF MISSISSIPPI*

**KING, PRESIDING JUSTICE, OBJECTING TO THE ORDER IN PART WITH SEPARATE WRITTEN STATEMENT:**

¶2. Today, this Court prioritizes efficiency over justice and bars Ottis J. Cummings from its doors. Because the imposition of monetary sanctions against indigent defendants and the restriction of access to the court system serve only to punish those defendants and to violate rights guaranteed by the United States and Mississippi Constitutions, I strongly oppose this Court's order restricting Cummings from filing further petitions for post-conviction collateral relief *in forma pauperis*.

¶3. This Court seems to tire of reading motions that it deems "frivolous" and imposes monetary sanctions on indigent defendants. The Court then bars those defendants, who in all likelihood are unable to pay the imposed sanctions, from future filings. In choosing to prioritize efficiency over justice, this Court forgets the oath that each justice took before assuming office. That oath stated in relevant part, "I . . . solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich.

5

. . ." Miss. Const. art. 6, § 155. Yet this Court deems the frequency of Cummings's filings to be too onerous a burden and decides to restrict Cummings from filing subsequent applications for post-conviction collateral relief. *See In re McDonald*, 489 U.S. 180, 186–87, 109 S. Ct. 993, 997, 103 L. Ed. 2d 158 (1989) (Brennan, J., dissenting) ("I continue to find puzzling the Court's fervor in ensuring that rights granted to the poor are not abused, even when so doing actually increases the drain on our limited resources.").

¶4.    Article 3, section 25, of the Mississippi Constitution provides that "*no person* shall be debarred from prosecuting or defending *any civil cause for or against him or herself*, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 26 (emphasis added). Mississippi Code Section 99-39-7 provides that actions under the Uniform Post-Conviction Collateral Relief Act *are civil actions*. Miss. Code Ann. § 99-39-7 (Rev. 2015). Therefore, this state's constitution grants unfettered access in civil causes to any tribunal in the state. The Court's decision to deny Cummings's filing actions *in forma pauperis* is a violation of his state constitutional right to access to the courts.

¶5.    The decision to cut off an indigent defendant's right to proceed *in forma pauperis* is also a violation of that defendant's fundamental right to vindicate his constitutional rights, for

> Among the rights recognized by the Court as being fundamental are the rights to be free from invidious racial discrimination, to marry, to practice their religion, to communicate with free persons, to have due process in disciplinary proceedings, and to be free from cruel and unusual punishment. As a result of the recognition of these and other rights, the right of access to courts, which is necessary to vindicate all constitutional rights, also became a fundamental right.

6

Joseph T. Lukens, *The Prison Litigation Reform Act: Three Strikes and You're Out of Court-It May Be Effective, but Is It Constitutional?*, 70 Temp. L. Rev. 471, 474–75 (1997).

As United States Supreme Court Justice Thurgood Marshall stated,

> In closing its doors today to another indigent litigant, the Court moves ever closer to the day when it leaves an indigent litigant with a meritorious claim out in the cold. And with each barrier that it places in the way of indigent litigants, and with each instance in which it castigates such litigants for having "abused the system," . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here.

*In re Demos*, 500 U.S. 16, 19, 111 S. Ct. 1569, 1571, 114 L. Ed. 2d 20 (1991) (Marshall, J., dissenting). Instead of simply denying or dismissing those motions that lack merit, the Court seeks to punish Cummings for arguing his claims.

¶6. Although each justice took an oath to do equal right to the poor and rich, this Court does not deny access to the court defendants who are fortunate enough to have monetary resources. Those defendants may file endless petitions, while indigent defendants are forced to sit silently by. An individual who, even incorrectly, believes that she has been deprived of her freedom should not be expected to sit silently by and wait to be forgotten. "Historically, the convictions with the best chances of being overturned were those that got *repeatedly reviewed on appeal* or those chosen by legal institutions such as the Innocence Project and the Center on Wrongful Convictions." Emily Barone, *The Wrongly Convicted: Why more falsely accused people are being exonerated today than ever before*, Time, http://time.com/wrongly-convicted/ (last visited Aug. 6, 2020) (emphasis added). The Washington Post reports that

7

the average time served for the 1,625 exonerated individuals in the registry is more than nine years. Last year, three innocent murder defendants in Cleveland were exonerated 39 years after they were convicted—they spent their entire adult lives in prison—and even they were lucky: We know without doubt that the vast majority of innocent defendants who are convicted of crimes are never identified and cleared.

Samuel Gross, Opinion, *The Staggering Number of Wrongful Convictions in America*, Washington Post (July 24, 2015), http://wapo.st/1SGHcyd?tid=ss_mail&utm_term=.4 bed8ad6f2cc.

¶7. Rather than violating Cummings's fundamental rights by restricting his access to the courts, I would simply deny his petition for post-conviction relief.

**KITCHENS, P.J., JOINS THIS SEPARATE WRITTEN STATEMENT.**